677 So.2d 1325 (1996)
Danny Ray STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01329.
District Court of Appeal of Florida, Second District.
July 31, 1996.
Daniel F. Martinez, II of Daniel F. Martinez, II, P.A., Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Chief Judge.
Danny Ray Stephens appeals the sentences imposed upon the revocation of his probation for two counts of grand theft of a motor vehicle, in violation of section 812.014(2)(c)4., Florida Statutes (1989). His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no meritorious grounds exist to support the appeal. Our independent review of the record reveals that the sentences imposed exceed the statutory maximum. We affirm the revocation of probation, but reverse and remand for resentencing.
Grand theft of a motor vehicle is a third-degree felony punishable by a term of imprisonment not exceeding five years. §§ 775.082, 812.014(2)(c)4., Fla. Stat. (1989). The trial court sentenced Mr. Stephens to concurrent terms of four years in prison followed by eighteen months' community control on each count. A guidelines sentence, which includes the incarcerative portion of the sentence and the probationary or community control period, may not exceed the statutory maximum for the offense. Garcia v. State, 666 So.2d 231 (Fla. 2d DCA 1995); Walker v. State, 652 So.2d 1223 (Fla. 2d DCA 1995). Because each sentence of four years' imprisonment followed by eighteen months' community control exceeds the five-year statutory maximum, we reverse and remand for resentencing.
Reversed.
PARKER and PATTERSON, JJ., concur.