PER CURIAM.
Matthew Fitzpatrick challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) wherein he sought relief from the imposition of concur *806 rent sentences of ten years in prison followed by ten years’ probation. As one aspect of his claim which is facially sufficient has not been refuted by the trial court, we reverse.
Fitzpatrick’s sentence, contrary to his assertions, comports with that required by the sentencing guidelines, which calls for a term in the permitted range of 5Y¿ to 12 years. He represents that on all counts he was sentenced to an aggregate of twenty years’ imprisonment and probationary supervision, all concurrent with one another, and his score-sheet confirms that one of these crimes constitutes a second-degree felony for which the statutory maximum is fifteen years. To the extent that the sentence on this count exceeds fifteen years, it is illegal and subject to correction in a collateral proceeding. Grissom, v. State, 679 So.2d 1254 (Fla. 2d DCA 1996); Stephens v. State, 677 So.2d 1325 (Fla. 2d DCA 1996).
Unless Fitzpatrick has misrepresented the sentence he received on the second-degree felony, the trial court on remand must resen-tenee him to a term on that count in which the confinement and supervision together do not exceed fifteen years.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.