SHAW, Justice.
We have for review Floyd v. State, 707 So.2d 833 (Fla. 1st DCA 1998), based on conflict with Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997), quashed, 713 So.2d 1013, 23 Fla. L. Weekly S400 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve Floyd as explained below.
Charles William Floyd entered a plea of nolo contendere to driving with a suspended license, driving under the influence of alcohol resulting in serious injuries, and leaving the scene of an accident with injuries — all third-degree felonies as charged. The trial court accepted the plea. The median recommended sentence[1] under the guidelines was 5.09 years, and the recommended range was between 3.81 years to 6.36 years. The statutory maximum for each of the offenses was five years. The trial court sentenced Floyd to three concurrent six-year terms, and the district court affirmed. He now contends that the court erred in sentencing in excess of 5.09 years. We disagree.
We recently addressed this issue in Mays v. State, 23 Fla. L Weekly S387, 717 So.2d *1164 515 (Fla.1998), wherein we construed the 1994 amendment to the sentencing guidelines. We explained that if the guidelines sentence — i.e., the “true” recommended guidelines sentence — exceeds the statutory-maximum, the court is authorized to impose the guidelines sentence. In the present case, the “true” recommended guidelines sentence, i.e., six years, exceeds the statutory maximum, i.e., five years. The court thus was authorized to exceed the maximum and impose the six-year terms. We approve the result in Floyd on this issue.[2]
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which KOGAN and ANSTEAD, JJ., concur.

. See § 921.0014, Fla. Stat. (1993) (explaining that the median recommended sentence is equal to "total sentence points minus 28”).

. We decline to address the other issue raised by Floyd since it was not the basis for our review.