838 So.2d 554 (2003)
Winyatta BUTLER, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-2465.
Supreme Court of Florida.
January 30, 2003.
*555 Caroline E. Kravath, Florida Institutional Legal Services, Inc., Gainesville, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Kellie A. Nielan and Pamela J. Koller, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
WELLS, J.
We have for review a decision of the Fifth District Court of Appeal on the following question, which the court certified to be of great public importance:
MAY A TRIAL COURT SENTENCE A DEFENDANT TO A TERM IN EXCESS OF THE STATUTORY MAXIMUM FOR AN OFFENSE COMMITTED AFTER OCTOBER 1, 1998, WHERE THE LOWEST PERMISSIBLE SENTENCE UNDER THE CODE EXCEEDS THE STATUTORY MAXIMUM?
Butler v. State, 774 So.2d 925, 927 (Fla. 5th DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative.
Petitioner Winyatta Butler pled guilty to possession of cocaine, possession of cannabis, driving with a suspended license, resisting arrest without violence, and driving under the influence. He was sentenced to 75.6 months of incarceration. The petitioner filed a motion under Florida Rule of Criminal Procedure 3.850, alleging that his sentence of 75.6 months exceeded the statutory maximum of five years for the third-degree felony of cocaine possession. The trial court denied the petitioner's rule 3.850 motion, ruling that although the sentence imposed for possession of cocaine exceeded the statutory maximum, the sentence of 75.6 months was the lowest permissible sentence under the guidelines and therefore was legal.[1]
On appeal, the district court affirmed the trial court's denial of the petitioner's rule 3.850 motion and agreed that the sentence was legally based on this Court's statement in Maddox v. State, 760 So.2d 89, 101 n. 9 (Fla.2000), that "for those defendants who committed their crimes after October 1, 1998, section 921.0024(2), Florida Statutes (1999), provides that `if the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.'" The district court then recognized potential statutory conflict between two provisions of the Criminal Punishment Code: (1) section 921.002(1)(g), Florida Statutes (Supp. 1998), which does not authorize a court to impose a sentence in excess of the statutory maximum; and (2) section 921.0024(2), Florida Statutes (Supp.1998), which directs that "[i]f the lowest permissible sentence under the [Criminal Punishment Code] exceeds the statutory maximum sentence ..., the sentence required by the code must be imposed." Due to this potential conflict, the district court certified the question that is now before this Court.
We agree with the district court that the petitioner's sentence is legal, and we therefore uphold the district court's affirmance of the denial of the petitioner's rule 3.850 motion. We further conclude that there is no conflict between the statutes and therefore answer the certified question in the affirmative. Because the Legislature does not intend to enact purposeless or useless laws, see Sharer v. Hotel Corp. of America, 144 So.2d 813, 817 *556 (Fla.1962), the primary rule of statutory interpretation is to harmonize related statutes so that each is given effect. See Carawan v. State, 515 So.2d 161, 168 (Fla. 1987). The two provisions of the Criminal Punishment Code can be harmonized.
Florida Rule of Criminal Procedure 3.704(d)(25) states in pertinent part:

The permissible range for sentencing must be the lowest permissible sentence up to and including the statutory maximum, as defined in section 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the Code exceeds the statutory maximum sentence as provided in section 775.082, the sentence required by the Code must be imposed.

(Emphasis added.) This rule harmonizes the two provisions. The first provision (section 921.002(1)(g)) applies to general sentencing, while the second provision (section 921.0024(2)) applies to those circumstances in which "the lowest permissible sentence under the Code exceeds the statutory maximum." By this rule, application of section 921.0024(2) is an exception to the general provision of section 921.002(1)(g) that sentences cannot exceed the statutory maximum. We do, however, hold that when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes (2002), is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose.
Because section 921.002(1)(g) and section 921.0024(2) were amended at the same time and deal with the same general subject, they should be read as in pari materia. See State ex rel. Sch. Bd. of Martin County v. Dep't of Education, 317 So.2d 68, 72-73 (Fla.1975). It is presumed that statutes are passed with the knowledge of existing statutes, so courts must favor a construction that gives effect to both statutes rather than construe one statute as being meaningless or repealed by implication. Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251-52 (Fla.1987). Thus, the district court correctly followed our decision in Maddox v. State, 760 So.2d 89 (Fla.2000):
We recognize that pursuant to section 921.001(5), Florida Statutes (1993), the sentencing guidelines may have, for some cases, provided statutory authority for the trial court to impose a higher sentence than allowed by the "statutory maximum." Similarly, for those defendants who committed their crimes after October 1, 1998, section 921.0024(2), Florida Statutes (1999), provides that "if the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed." Prior to the enactment of these statutes, a court could not impose a guidelines sentence outside the statutory limits.
Id. at 101 n. 9 (citation omitted) (emphasis added).
Accordingly, we answer the certified question in the affirmative and find that the petitioner's sentence is legal. We therefore approve the decision below affirming the denial of the petitioner's rule 3.850 motion. We reject the petitioner's second issue, a constitutional attack based on our construction of section 921.0024(2), and hold that section 921.0024(2) is not vague. See State v. Mitro, 700 So.2d 643, *557 645 (Fla.1997); Trushin v. State, 425 So.2d 1126, 1130 (Fla.1982).
It is so ordered.
ANSTEAD, C.J., PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.
NOTES
[1] Butler does not contest the trial court's finding that the lowest permissible sentence authorized by his sentencing score sheet was 75.6 months.