840 So.2d 381 (2003)
Teresa L. DEMAR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4751.
District Court of Appeal of Florida, First District.
March 18, 2003.
*382 Nancy A. Daniels, Public Defender and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Teresa L. Demar challenges her convictions and sentences for child abuse and aggravated child neglect. We affirm the convictions without comment, but vacate the sentence for Count II, child abuse, and remand for resentencing.
Charged with aggravated child abuse in Count II of the Information, the jury found appellant guilty of the lesser offense, child abuse, a third degree felony. § 827.03(1), Fla. Stat. (1999). The maximum sentence for a third degree felony is five years. § 775.082, Fla. Stat. (1999). The guideline scoresheet prepared for appellant established a permissible range of 64.5 months (5.37 years) to 20 years. The trial court sentenced appellant to 7½ years imprisonment followed by 5 years of probation. Appellant argues that because her sentence exceeds the statutory maximum, it is illegal.
Under the Criminal Punishment Code, which governs this case, a sentence may exceed the statutory maximum when that sentence falls within the sentencing guidelines range. See Maddox v. State, 760 So.2d 89, 101 n. 9 (Fla.2000). However, as recently clarified by the supreme court, when the statutory maximum is exceeded "by the lowest permissible sentence under the [guidelines prepared pursuant to the] code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose." Butler v. State, 838 So.2d 554 (Fla. 2003) (emphasis added). Thus, the maximum sentence the trial court could have imposed in the instant case is 64.5 months. Accordingly, we vacate the sentence as to Count II and remand for resentencing.
Finally, we strike several conditions of probation which, as the state correctly concedes, are erroneous. First, we strike from the requirements of probation the provision that appellant obtain a job within 30 days of release from prison. See Kirkland v. State, 666 So.2d 974, 976 (Fla. 1st DCA 1996). Second, we strike the requirement that appellant pay $1,952.72, the cost of investigation; appellant was not given an opportunity to be heard on the issue nor was her ability to pay considered, contrary to section 938.27(5), Florida Statutes. See Cathcart v. State, 643 So.2d 702 (Fla. 4th DCA 1994). Third, we strike that portion of the probation order directing appellant's probation officer to determine appellant's "ability to pay monetary obligations." See McClough v. State, 669 So.2d 1099, 1100 (Fla. 5th DCA 1996).
Accordingly, appellant's convictions are affirmed; her sentence as to count II (child abuse) is vacated, and several conditions of probation, as noted above, are struck; the cause is remanded for resentencing.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, WOLF and VAN NORTWICK, JJ., concur.