MONACO, J.
The appellant, Donald E. Hannah, challenges his convictions and sentences for a number of counts for sexual crimes, including Counts 2, 6 and 7, charging sexual activity with a child in a familial relationship, in violation of section 794.011(8)(b), Florida Statutes (2000). We affirm the judgments on each count without comment, and affirm all of the sentences, except for the sentences for Counts 2, 6 arid 7. As to Counts 2, 6 and 7, however, we vacate the sentences and remand for re-sentencing.
Violations of section 794.011(8)(b) are first degree felonies, ordinarily punishable by up to thirty years in prison. Mr. Hannah’s Criminal Punishment Code score-sheet, however, showed 747.2 total sentence points, and a lowest permissible sentence of 539.4 months (about 44.95 years), in state prison. The trial court chose on these counts to sentence Mr. Hannah concurrently to a split sentence of 25 years in prison, followed by 25 years of sex offender probation. Mr. Hannah asserts that the sentence for these three counts is illegal. We agree.
In Butler v. State, 838 So.2d 554 (Fla.2003), the Florida Supreme Court held that when the statutory maximum sentence is exceeded by the lowest permissible sentence under the Criminal Punishment Code, the lowest permissible sentence under the Code becomes the maximum sentence that the trial judge can impose. See also Demar v. State, 840 So.2d 381 (Fla. 1st DCA 2003). Thus, the maximum sentence in this case for these crimes is 539.4 months. As the split sentence of 50 years for Counts 2, 6 and 7 exceeds the maximum permissible sentence, we remand this case to the trial court to resentence Mr. Hannah on those counts.
Mr. Hannah also attacks his sexual predator designation on due process grounds. We have addressed this issue in two earlier cases and have rejected the argument. See Martin v. State, 864 So.2d 589 (Fla. 5th DCA 2004); Miller v. State, 861 So.2d 1283 (Fla. 5th DCA 2004). As we did in Martin and Miller, we certify conflict with Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003).
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and THOMPSON, JJ, concur.