916 So.2d 29 (2005)
Walter Alfredo ALMENDARES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-568.
District Court of Appeal of Florida, Fourth District.
November 23, 2005.
Ruth M. Martinez-Estes, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Walter Alfredo Almendares appeals his conviction and sentence for attempted second degree murder with a weapon, burglary, false imprisonment, and violation of injunction for protection against domestic violence. Almendares was sentenced to thirty years on the attempted second degree murder with a weapon, five years on the burglary, five years on the false imprisonment, and one year of probation for violation of the injunction, all of which were to run consecutively.
*30 Almendares asserts that the trial court illegally sentenced him to consecutive sentences for each count because the crimes of burglary, false imprisonment, and violation of injunction for protection against domestic violence were part of a single episode. We disagree and affirm.
The record reflects that Almendares went to the apartment of his girlfriend and the mother of his child, Deisi Torres, broke a window in her apartment with a hammer, entered, and dragged her and her son out while still holding the hammer. At the time there was an injunction against him to stay away from Ms. Torres. While on the way to his car with them, Almendares was interrupted by a neighbor and by the arrival of the police, causing him to flee. These acts account for the convictions for burglary, false imprisonment, and violation of the injunction. Approximately an hour and a half later, Almendares returned, saw Ms. Torres outside with another man and proceeded to stab her causing severe injuries. These facts were the basis of the attempted second degree murder with a weapon.
A trial judge may sentence a criminal defendant to concurrent or consecutive sentences. See § 775.021(4)(a), Fla. Stat. (2003) ("and the sentencing judge may order the sentences to be served concurrently or consecutively"); § 921.16(1), Fla. Stat. (2003) (a defendant convicted of two or more offenses charged in a single information shall serve the sentences concurrently "unless the court directs that two or more of the sentences be served consecutively"); § 921.0024(2), Fla. Stat. (2003) ("The sentencing court may impose such sentences concurrently or consecutively" when imposing standard sentences under the Criminal Punishment Code).
Almendares's position is based on an exception to this general rule involving sentences imposed under various sentencing enhancement statutes. In those cases sentences imposed under a sentencing enhancement statute may not run consecutively if the offenses occurred during a single criminal episode. See Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004); Philmore v. State, 760 So.2d 239, 240 (Fla. 4th DCA 2000).
This exception is not applicable to the present case as Almendares was not sentenced pursuant to a sentencing enhancement statute. See Rodriguez v. State, 883 So.2d 908, 910 n. 3 (Fla. 2d DCA 2004) ("... there is nothing in the Criminal Punishment Code that prohibits the imposition of consecutive standard sentences, even when the sentences arise from offenses committed in a single criminal episode. See § 921.0024(2), Fla. Stat. (2001)").
Affirmed.
STONE and GROSS, JJ., concur.