960 So.2d 849 (2007)
James Horace COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-1211.
District Court of Appeal of Florida, First District.
July 6, 2007.
*850 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Bill McCollum, Attorney General, and Sheron L. Wells, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant challenges the trial court's denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Because Appellant's sentence for DUI manslaughter exceeds the statutory maximum for a second-degree felony, we reverse.
On October 18, 2005, Appellant was sentenced to 15 years' probation for multiple counts, including one count of DUI manslaughter, a second-degree felony. On January 4, 2006, Appellant violated the conditions of his probation by driving without a valid driver's license and failing to report his change of address. The trial court sentenced him to 20 years in prison for the DUI manslaughter charge, and 5 years concurrent for the two related charges.
Appellant filed a motion to correct his illegal sentence, alleging that the trial court erred in sentencing him to 20 years in prison on the DUI manslaughter charge because the maximum punishment for a second-degree felony is 15 years. §§ 316.193(3)(c)(3)(a); 775.082(3)(c), Fla. Stat. (2005). The trial court, relying on Floyd v. State, found that Appellant's overall sentence of 20 years was appropriate because it was within the range computed on the guidelines scoresheet. 707 So.2d 833 (Fla. 1st DCA), aff'd, 721 So.2d 1163 (Fla.1998). This ruling is in error.
Appellant's scoresheet shows a "lowest permissible prison sentence" of 140 months (11 years, 8 months) for DUI manslaughter. Because Appellant's "sentence floor" is not higher than the 15-year statutory maximum sentence for DUI manslaughter, the maximum permissible sentence under the Criminal Punishment Code for this offense is 15 years. See Moore v. State, 859 So.2d 613, 618 (Fla. 1st DCA 2003) ("The trial court remained free to sentence up to the statutory maximum on each offense") (emphasis added); § 921.0024(2), Fla. Stat. (2005).
Although the State acknowledges that Appellant's sentence for DUI manslaughter is illegal, it notes that Appellant's total sentence of 20 years for all offenses is not.[1] The State argues that because Appellant could be legally sentenced to an overall 20-year sentence by merely reducing the sentence for manslaughter to the allowable 15 years and adding a consecutive 5-year sentence for either of the other offenses,[2] there is no sentencing error.
*851 This argument was specifically rejected by the Fifth District in Wheeler v. State, 864 So.2d 492 (Fla. 5th DCA 2004). There, the court concluded, "[T]he fact that the court could have imposed consecutive sentences does not cure the illegality of the sentences actually imposed. Similarly, the fact that the court may order consecutive sentences on remand does not cure the illegality of the sentences." Id. at 492-93 (citing Leonard v. State, 760 So.2d 114, n. 4 (Fla.2000) (holding that illegal sentence should not remain uncorrected merely because it was to be served concurrent to another sentence)). We find the Fifth District's analysis persuasive. The sentence for each charge must be a legal sentence. Accordingly, we reverse the trial court's order denying Appellant's motion to correct sentencing error. On remand, the trial court shall recalculate Appellant's sentence in a manner consistent with this opinion.
REVERSED and REMANDED with instructions consistent with this opinion.
BENTON and PADOVANO, JJ., concur.
NOTES
[1] Appellant's statutory maximum sentence for all offenses is 35 years (the sum of 15 years for second-degree DUI manslaughter, 15 years for second-degree charge of fleeing or attempting to elude, and 5 years for third-degree charge of driving without a valid driver's license).
[2] The Criminal Punishment Code allows the sentences to be imposed either concurrently or consecutively. § 921.0024(2), Fla. Stat. (2005).