PER CURIAM.
On November 21, 2003, following pleas of nolo contendere, the appellant was convicted of a number of crimes in multiple cases and sentenced to a total of 15 years’ imprisonment to be followed by 40 years on probation. On February 16, 2010, the appellant filed a motion to correct illegal sentence asserting two claims. We affirm the denial of ground one without further discussion. However, for the reasons discussed below, we reverse and remand the denial of ground two.
In ground two, the appellant asserts that for some charges he was sentenced to terms of imprisonment exceeding the statutory máximums. The judgment and sentence indicates that the appellant was sentenced to 15 years’ imprisonment to be followed by 120 months on probation for multiple counts of burglary of an unoccupied dwelling, a second-degree felony punishable by a maximum of 15 years’ imprisonment.[1] See §§ 775.082(3)(c); 810.02(3)(b), Fla. Stat. (2003). Thus, it appears the appellant’s sentences are illegal. See Stephens v. State, 677 So.2d 1325, 1325 (Fla. 2d DCA 1996) (stating that a “sentence, which includes the incarcerative portion of the sentence and the probationary or community control period, may not exceed the statutory maximum for the offense”). Although it appears the sentences were imposed pursuant to a negotiated plea agreement, a defendant cannot plead to a sentence in excess of the statutory maximum. See Larson v. State, 572 So.2d 1368 (Fla.1991) (“[A] defendant cannot by agreement confer on a judge authority to exceed the penalties established by law”). Accordingly, we reverse and remand the denial of ground two for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED and REMANDED in part.
WOLF, DAVIS, and WETHERELL, JJ., concur.

. In the order denying relief, the trial court notes that the appellant's scoresheet indicated a maximum possible sentence of 395 years’ imprisonment plus 2 years in county jail. However, that fact is irrelevant to whether the appellant’s individual sentences are legal. See Cooper v. State, 960 So.2d 849 (Fla. 1st DCA 2007) (holding that a 20-year sentence for a second-degree felony' was illegal and rejecting the idea that, because defendant could be legally sentenced to a total of 20 years by reducing one sentence but imposing others consecutively, there was no sentencing error, and stating ”[t]he sentence for each charge must be a legal sentence”).