DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CEDRIC DENNARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3610

[August 20, 2014]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2000CF3809AXXXMB.

Cedric Dennard, Clermont, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Assistant Attorney General, Allen R. Geesey, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's denial of appellant's successive rule 3.800(a) motion to correct illegal sentence. Appellant contends that the concurrent twenty-two year sentences that he received in 2001 for two sexual battery offenses are illegal. He claims that the 22-year term imposed for each second-degree felony exceeds the 15-year statutory maximum and also exceeds the 16.15-year minimum permissible sentence under the Criminal Punishment Code scoresheet.

Appellant raised this same claim in a rule 3.800(a) motion that he filed in 2009. That motion was denied on the merits, and he did not appeal. He repeated the claim in another post-conviction motion that he filed in 2011. That motion was denied on the merits, and we affirmed. *Dennard v. State*, 4D11-4842, 2013 WL 1845715 (Fla. 4th DCA May 1, 2013) (table).

Appellant's claim is barred by the collateral estoppel and law of the case doctrines, and there is no manifest injustice in applying these procedural bars. *State v. McBride*, 848 So. 2d 287 (Fla. 2003).

Remanding this case for resentencing at this point would accomplish nothing. The trial court could have achieved its sentencing goal that defendant receive twenty-two years in prison for this set of offenses by structuring the sentences consecutively. *Blackshear v. State*, 531 So. 2d 956, 958 (Fla. 1988); *Rigueiro v. State*, 132 So. 3d 853, 854-55 (Fla. 4th DCA 2013). As the Florida Supreme Court recognized in *McBride*, the mere existence of an illegal sentence is not equivalent to a manifest injustice. 848 So. 2d at 292 (holding that the illegal thirty-year habitual felony offender sentence for the life felony did not result in manifest injustice because defendant was serving concurrent terms of equal length on other counts).

*Affirmed.*

LEVINE and CONNER, JJ., concur.
CONNER, J., concurs specially with opinion.
WARNER, J., dissents with opinion.

CONNER, concurring specially.

I concur with the majority opinion that Dennard is not entitled to a new sentencing hearing because there is no manifest injustice.

I write to agree with Judge Warner that section 921.0024(2), Florida Statutes (1999), is unclear on how a sentence should be imposed in cases where there are multiple offenses for sentencing and the sentencing points result in a lowest permissible sentence (LPS) above the statutory maximum for the primary offense. This case exemplifies out the problem because Dennard was convicted of the same two offenses, either one of which could be considered the primary offense. One could read the statute to require the trial court to impose 16.15 years for *each* offense. Because the statute also allows for concurrent or consecutive sentencing, one could argue that the trial court had only two choices for sentencing Dennard: impose a total of 16.15 years in prison (by imposing the sentences concurrently) or a total of 32.3 years in prison (by imposing the sentences consecutively). However, there is language in the statute which indicates to me that in the context of sentencing for two counts of the same offense, the legislature did not intend for the sentencing court to have only two narrow options.

Section 921.0024(2) provides:

> The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The

2

> permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.

The problem in this case lies with the last sentence. Do the words "the sentence required by the code must be imposed" refer to each offense for sentencing or to the primary offense? In the context of this case, I think the second sentence of the statute is pivotal. It refers to "the permissible range for sentencing," and it refers to sentencing "for the primary offense and any additional offenses." Thus, I read the application of the statute differently than Judge Warner.

I read the second and last sentences *in pari materia*. Although not explicit, I contend the legislature intended the last sentence to refer only to the primary offense, since under the Criminal Punishment Code scoring system, there can be only one primary offense. § 921.0021(4), Fla. Stat. (1999) ("Only one count of one offense before the court for sentencing shall be classified as the primary offense.").

Thus, as I interpret the statute, the trial court was required to sentence Dennard to 16.15 years for the primary offense. As to the second offense, the trial court was free to impose any sentence from no incarceration with probation all the way up to fifteen years of prison, consecutively or concurrently.

I concede that my interpretation of the statute allows for the possibility that Dennard could have receive a total sentence of 31.15 years in prison (16.15 years on the primary offense and 15 years on the second offense). It also allows more options than the limited two options of 16.15 years or 32.3 years in prison discussed above.

Judge Warner's interpretation of the statute has merit. Obviously, the legislature needs to clarify its intent as to the application of the last sentence in section 921.0024(2).

WARNER, J., dissenting.

3

I must respectfully dissent from the majority opinion. The sentences are illegal, as the majority notes. The twenty-two year term can be made legal only by imposing lesser terms and making them consecutive to each other.[1]

*State v. McBride*, 848 So. 2d 287 (Fla. 2003), on which the majority relies, holds that a defendant is not precluded from re-litigating the illegality of a sentence under law of the case or res judicata, but may be barred by collateral estoppel, unless a manifest injustice may occur. In *McBride*, the court determined that re-litigation of the sentencing claim was barred, because no manifest injustice occurred where the defendant was serving a concurrent *legal* sentence. *Id.* at 292. Here, however, the defendant is serving two *illegal* sentences. He is not serving a legal sentence.

Where the sentences are illegal and no legal sentence has been imposed, the court should impose a legal sentence. Courts have rejected the state's position that merely because the court could have imposed a legal sentence, there was no error in failing to correct an illegal sentence. *See*, *e.g.*, *Cooper v. State*, 960 So. 2d 849, 851 (Fla. 1st DCA 2007). Further, the original sentencing judge did *not* impose the sentences consecutively. It should be for the sentencing judge to determine whether to impose consecutive sentences in this case based upon all of the factors involved in sentencing. I would reverse for resentencing.

Appellant claims, however, that he can be sentenced only to 16.15 years, no more and no less. He relies on *Butler v. State*, 838 So. 2d 554 (Fla. 2003), in which the supreme court clarified that when the lowest permissible sentence ("LPS") produced by a Criminal Punishment Code

---

[1] Appellant contends that the sentencing judge rejected consecutive sentencing because the offenses were committed in a single criminal episode. However, that would not preclude consecutive sentencing. *See* § 775.021(4)(a), Fla. Stat. (1999) (requiring separate sentence for each offense committed in single criminal episode, and providing "the sentencing judge may order the sentences to be served concurrently or consecutively"); § 921.16(1), Fla. Stat. (1999) (court may direct that two or more of the sentences for offenses charged in the same information be served consecutively); § 921.0024(2), Fla. Stat. (1999) (providing, when imposing CPC sentences, that "[t]he sentencing court may impose such sentences concurrently or consecutively"); *Almendares v. State*, 916 So. 2d 29, 30 (Fla. 4th DCA 2005) (explaining that the exception, precluding the imposition of consecutive sentences under various enhancement statutes for offenses occurring in a single criminal episode, does not apply if the defendant was not sentenced pursuant to a sentencing enhancing statute).

4

("CPC") scoresheet exceeds the statutory maximum, then the LPS becomes the maximum sentence. *Id.* at 556. In *Butler,* the primary offense at sentencing was possession of cocaine, a third degree felony carrying a sentence of five years. *Id.* at 555. The remaining charges for sentencing included possession of cannabis, driving with a suspended license, resisting arrest without violence, and driving under the influence. *Id.* These all appear to be misdemeanors, and the sentences for those charges do not appear in the opinion. Butler challenged his sentence for possession of cocaine of 75.6 months, his LPS, as exceeding the statutory maximum. *Id.* The supreme court held that section 921.0024(2), Florida Statutes (2002), required sentencing above the statutory maximum, where the LPS exceeded the maximum. *Id.* at 556.

The court did not discuss consecutive or concurrent sentencing, nor did it discuss what constituted the statutory maximum for the offenses at sentencing. It addressed only the sentence for the third degree felony, the primary offense. Therefore, we must take in that context the court's pronouncement that "when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes (2002), is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose." *Id.* at 556.

Appellant's contention that the LPS is the maximum sentence for the crimes, regardless of the number of additional offenses and possibility of consecutive sentencing, would lead to an absurd result. That interpretation of *Butler* would mean that a person with a substantial record and whose LPS exceeded the statutory maximum could actually be sentenced to less time, i.e., the LPS, than a person with an LPS of less than the statutory maximum, where there would be no prohibition against sentencing the defendant to the statutory maximum for each count and then running the sentences consecutively.

Courts, however, are expanding the *Butler* holding to matters not covered within its holding. In *Demar v. State*, 840 So. 2d 381 (Fla. 1st DCA 2003), for instance, the defendant was convicted of two offenses: child abuse, a third degree felony, and aggravated child neglect, a second degree felony, so the scoresheet maximum was twenty years. *Id.* at 382. The LPS was 64.5 months, which exceeded by 4.5 months the five-year statutory maximum for child abuse. On direct appeal, the First District vacated her sentence for child abuse, which was 7.5 years in prison, followed by five years of probation, explaining that the maximum sentence that could be imposed for child abuse was **64.5** months, which is a little more than five years. *Id.* (citing *Butler*). I assume that the second degree felony was the

primary offense. Thus, under *Butler*, the defendant had to be sentenced to at least the LPS for that offense, but I don't read *Butler* as allowing each additional offense to be sentenced to up to the LPS where the LPS exceeds the statutory maximum for the additional offense.

The Fifth District followed *Demar* in *Hannah v. State*, 869 So. 2d 692 (Fla. 5th DCA 2004), *rev. dismissed*, 921 So. 2d 628 (Fla. 2006). There, the defendant's conviction included three counts of sexual activity with a child in a familial relationship, each a first degree felony, with a thirty-year statutory maximum. 869 So. 2d at 693. The defendant's LPS under the CPC was 539.4 prison months, almost forty-five years. *Id.* For those three counts, Hannah was sentenced concurrently to twenty-five years in prison, followed by twenty-five years of sex offender probation. *Id.* On direct appeal, he argued those three sentences were illegal, and the Fifth District agreed, remanding for resentencing on those counts, because the LPS became the maximum permissible sentence, relying on *Butler*. *Id.* It reasoned:

> In *Butler v. State*, 838 So. 2d 554 (Fla. 2003), the Florida Supreme Court held that when the statutory maximum sentence is exceeded by the lowest permissible sentence under the Criminal Punishment Code, the lowest permissible sentence under the Code becomes the maximum sentence that the trial judge can impose. *See also Demar v. State*, 840 So. 2d 381 (Fla. 1st DCA 2003). Thus, the maximum sentence in this case for these crimes is 539.4 months. As the split sentence of 50 years for Counts 2, 6 and 7 exceeds the maximum permissible sentence, we remand this case to the trial court to resentence Mr. Hannah on those counts.

*Id.* Thus, it appears that, in *Hannah*, the court would allow sentencing above the statutory maximum to the LPS for all offenses at sentencing where the LPS exceeds the statutory maximum. As the court states that the maximum sentence for the crimes (plural) was the LPS, I infer that the *Hannah* court concluded the trial court could not sentence consecutively above the LPS. *Hannah* may support the appellant's interpretation of *Butler.*

Neither the statute nor *Butler* is clear on how a sentence should be imposed in cases where there are multiple offenses for sentencing and the sentencing points, which reflect all the offenses at sentencing, result in an LPS above the statutory maximum for the primary offense but less than the statutory maximum of all offenses available for sentencing, run consecutively. I think, however, that the statute provides a way to

harmonize all of its terms.

Section 921.0024(2), Florida Statutes (1999), requires that a sentencing scoresheet be prepared to arrive at a "lowest permissible sentence," below which the trial court may not sentence absent the limited reasons for a downward departure. The statute provides:

> The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.

Our supreme court interpreted this portion of the sentencing statute as setting a minimum sentence for all offenses at sentencing together but setting no collective maximum. Instead, each offense has its own maximum, namely the statutory maximum for the individual offense:

> Under the CPC, "[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, *including an offense that is before the court due to a violation of probation* or community control." § 921.002(1)(g), Fla. Stat. (1999) (emphasis added). The Legislature expressed that the primary purpose of sentencing is to be punishment. *See* § 921.002(1)(b), Fla. Stat. (1999). As with the sentencing guidelines, a single scoresheet for all offenses is used for CPC sentencing. However, a single sentencing range is not established under the CPC as occurred under the prior guidelines. "The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum . . . for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively." § 921.0024(2), Fla. Stat. (1999).

> Under the prior guidelines, the individual offenses were considered interrelated because together they were used to

7

establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, ***together the individual offenses only establish the minimum sentence that may be imposed***; a single maximum sentence is not established—***each individual offense has its own maximum sentence, namely the statutory maximum for that offense***. Under the CPC, multiple offenses are not interrelated as they were previously under the guidelines.

. . . .

[B]ecause the concerns related to guidelines sentencing are no longer present in CPC sentencing, and the courts are no longer specifically limited to a sentencing range under the CPC, there is no justification for continuing to treat separate offenses as an interrelated unit after the minimum sentence is established.

*Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004) (bold emphasis added). I find the bolded language from *Moore* to be the most important. As I understand *Moore*, the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum. The LPS is *not* the sentence which must be applied to *each* offense at sentencing.

In light of *Moore*, I read the statute's admonition--"If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed"--as applying to the *collective total statutory maximum of the individual sentences.* Thus, in this case, the statutory maximum sentence for each offense at sentencing was fifteen years. If the court chose to sentence consecutively, the statutory maximum for all sentences was thirty years. As the LPS for all offenses was 16.15 years, the sentence for either offense should not have exceeded the statutory maximum, because the court could effectuate the LPS by running the sentences consecutively. For example, to achieve a twenty-two year sentence, the court could sentence each offense at eleven years, or one at fifteen and one at seven. That is why the statute also provides that the sentences may be imposed concurrently or consecutively. I read this as the legislative direction to use consecutive sentencing to achieve an LPS *without* exceeding the statutory maximum for any one offense. If the sentence for each offense at sentencing must meet the LPS *and* those sentences can be run consecutively, then appellant could be sentenced to 32.3 years, or 2.3 years in excess of the collective statutory maximum. I do not think the statute authorizes this result.

I would conclude that, in cases of multiple offenses for sentencing, only where consecutive sentences may be barred by double jeopardy or other statutory reasons should the court exceed the statutory maximum for any one offense, where the LPS may be achieved through consecutive sentencing. I recognize, however, that my interpretation is at odds with *Butler* to the extent that *Butler* seems to require that at least the primary offense must receive a sentence not less than the LPS where it exceeds the statutory maximum for that offense. *Butler* does not require, however, that all of the additional offenses must also receive sentences above their statutory maximum.

Nevertheless, the supreme court has not directly addressed how to sentence multiple offenses in relation to an LPS which exceeds the statutory maximum for multiple sentences included in one scoresheet. *Butler* does not provide guidance in this situation. Because this may occur frequently, I would hope that in a proper case the supreme court would provide guidance to the trial courts for sentencing in these situations.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

9