WARNER, J.,
dissenting.
I must respectfully dissent from the majority opinion. The sentences are illegal, as the majority notes. The twenty-two year term can be made legal only by imposing lesser terms and making them consecutive to each other.[1]
*1058 State v. McBride, 848 So.2d 287 (Fla.2003), on which the majority relies, holds that a defendant is not precluded from re-litigating the illegality of a sentence under law of the case or res judicata, but may be barred by collateral estoppel, unless a manifest injustice may occur. In McBride, the court determined that re-litigation of the sentencing claim was barred, because no manifest injustice occurred where the defendant was serving a concurrent legal sentence. Id. at 292. Here, however, the defendant is serving two illegal sentences. He is not serving a legal sentence.
Where the sentences are illegal and no legal sentence has been imposed, the court should impose a legal sentence. Courts have rejected the state’s position that merely because the court could have imposed a legal sentence, there was no error in failing to correct an illegal sentence. See, e.g., Cooper v. State, 960 So.2d 849, 851 (Fla. 1st DCA 2007). Further, the original sentencing judge did not impose the sentences consecutively. It should be for the sentencing judge to determine whether to impose consecutive sentences in this case based upon all of the factors involved in sentencing. I would reverse for resentencing.
Appellant claims, however, that he can be sentenced only to 16.15 years, no more and no less. He relies on Butler v. State, 838 So.2d 554 (Fla.2003), in which the supreme court clarified that when the lowest permissible sentence (“LPS”) produced by a Criminal Punishment Code (“CPC”) scoresheet exceeds the statutory maximum, then the LPS becomes the maximum sentence. Id. at 556. In Butler, the primary offense at sentencing was possession of cocaine, a third degree felony carrying a sentence of five years. Id. at 555. The remaining charges for sentencing included possession of cannabis, driving with a suspended license, resisting arrest without violence, and driving under the influence. Id. These all appear to be misdemeanors, and the sentences for those charges do not appear in the opinion. Butler challenged his sentence for possession of cocaine of 75.6 months, his LPS, as exceeding the statutory maximum. Id. The supreme court held that section 921.0024(2), Florida Statutes (2002), required sentencing above the statutory maximum, where the LPS exceeded the maximum. Id. at 556.
The court did not discuss consecutive or concurrent sentencing, nor did it discuss what constituted the statutory maximum for the offenses at sentencing. It addressed only the sentence for the third degree felony, the primary offense. Therefore, we must take in that context the court’s pronouncement that “when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes (2002), is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose.” Id. at 556.
Appellant’s contention that the LPS is the maximum sentence for the crimes, regardless of the number of additional offenses and possibility of consecutive sentencing, would lead to an absurd result. That interpretation of Butler would mean that a person with a substantial record and whose LPS exceeded the statutory maximum could actually be sentenced to less time, i.e., the LPS, than a person with an *1059 LPS of less than the statutory maximum, where there would be no prohibition against sentencing the defendant to the statutory maximum for each count and then running the sentences consecutively.
Courts, however, are expanding the Butler holding to matters not covered within its holding. In Demar v. State, 840 So.2d 881 (Fla. 1st DCA 2008), for instance, the defendant was convicted of two offenses: child abuse, a third degree felony, and aggravated child neglect, a second degree felony, so the scoresheet maximum was twenty years. Id. at 382. The LPS was 64.5 months, which exceeded by 4.5 months the five-year statutory maximum for child abuse. On direct appeal, the First District vacated her sentence for child abuse, which was 7.5 years in prison, followed by five years of probation, explaining that the maximum sentence that could be imposed for child abuse was 64.5 months, which is a little more than five years. Id. (citing Butler). I assume that the second degree felony was the primary offense. Thus, under Butler, the defendant had to be sentenced to at least the LPS for that offense, but I don’t read Butler as allowing each additional offense to be sentenced to up to the LPS where the LPS exceeds the statutory maximum for the additional offense.
The Fifth District followed Demar in Hannah v. State, 869 So.2d 692 (Fla. 5th DCA 2004), rev. dismissed, 921 So.2d 628 (Fla.2006). There, the defendant’s conviction included three counts of sexual activity with a child in a familial relationship, each a first degree felony, with a thirty-year statutory maximum. 869 So.2d at 693. The defendant’s LPS under the CPC was 539.4 prison months, almost forty-five years. Id. For those three counts, Hannah was sentenced concurrently to twenty-five years in prison, followed by twenty-five years of sex offender probation. Id.
On direct appeal, he argued those three sentences were illegal, and the Fifth District agreed, remanding for resentencing on those counts, because the LPS became the maximum permissible sentence, relying on Butler. Id. It reasoned:
In Butler v. State, 838 So.2d 554 (Fla. 2003), the Florida Supreme Court held that when the statutory maximum sentence is exceeded by the lowest permissible sentence under the Criminal Punishment Code, the lowest permissible sentence under the Code becomes the maximum sentence that the trial judge can impose. See also Demar v. State, 840 So.2d 381 (Fla. 1st DCA 2003). Thus, the maximum sentence in this case for these crimes is 539.4 months. As the split sentence of 50 years for Counts 2, 6 and 7 exceeds the maximum permissible sentence, we remand this case to the trial court to resentenee Mr. Hannah on those counts.
Id. Thus, it appears that, in Hannah, the court would allow sentencing above the statutory maximum to the LPS for all offenses at sentencing where the LPS exceeds the statutory maximum. As the court states that the maximum sentence for the crimes (plural) was the LPS, I infer that the Hannah court concluded the trial court could not sentence consecutively above the LPS. Hannah may support the appellant’s interpretation of Butler.
Neither the statute nor Butler is clear on how a sentence should be imposed in cases where there are multiple offenses for sentencing and the sentencing points, which reflect all the offenses at sentencing, result in an LPS above the statutory maximum for the primary offense but less than the statutory maximum of all offenses available for sentencing, run consecutively. I think, however, that the statute provides a way to harmonize all of its terms.
*1060 Section 921.0024(2), Florida Statutes (1999), requires that a sentencing score-sheet be prepared to arrive at a “lowest permissible sentence,” below which the trial court may not sentence absent the limited reasons for a downward departure. The statute provides:
The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum, as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sen? tencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed 1 year. If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed.
Our supreme court interpreted this portion of the sentencing statute as setting a minimum sentence for all offenses at sentencing together but setting no collective maximum. Instead, each offense has its own maximum, namely the statutory maximum for the individual offense:
Under the CPC, “[t]he trial court judge may impose a sentence up to and including the statutory maximum for any offense, including an offense that is before the court due to a violation of probation or community control.” § 921.002(l)(g), Fla. Stat. (1999) (emphasis added). The Legislature expressed that the primary purpose of sentencing is to be punishment. See § 921.002(l)(b), Fla. Stat. (1999). As with the sentencing guidelines, a single scoresheet for all offenses is used for CPC sentencing. However, a single sentencing range is not established under the CPC as occurred under the prior guidelines. “The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum ... for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively.” § 921.0024(2), Fla. Stat. (1999).
Under the prior guidelines, the individual offenses were considered interrelated because together they were used to establish the minimum and maximum sentence that could be imposed. To the contrary, however, under the CPC, together the individual offenses only establish the minimum sentence that may be imposed; a single maximum sentence is not established — each individual offense has its own maximum sentence, namely the statutory maximum for that offense. Under the CPC, multiple offenses are not interrelated as they were previously under the guidelines.
[[Image here]]
[Bjecause the concerns related to guidelines sentencing are no longer present in CPC sentencing, and the courts are no longer specifically limited to a sentencing range under the CPC, there is no justification for continuing to treat separate offenses as an interrelated unit after the minimum sentence's established.
Moore v. State, 882 So.2d 977, 985 (Fla.2004) (bold emphasis added). I find the bolded language from Moore to be the most important. As I understand Moore, the LPS is the collective total minimum sentence for all offenses, but each has its own statutory maximum. The LPS is not the sentence which must be applied to each offense at sentencing.
In light of Moore, I read the statute’s admonition — “If the lowest permissible *1061 sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed” — as applying to the collective total statutory maximum of the individual sentences. Thus, in this case, the statutory maximum sentence for each offense at sentencing was fifteen years. If the court chose to sentence consecutively, the statutory maximum for all sentences was thirty years. As the LPS for all offenses was 16.15 years, the sentence for either offense should not have exceeded the statutory maximum, because the court could effectuate the LPS by running the sentences consecutively. For example, to achieve a twenty-two year sentence, the court could sentence each offense at eleven years, or one at fifteen and one at seven. That is why the statute also provides that the sentences may be imposed concurrently or consecutively. I read this as the legislative direction to use consecutive sentencing to achieve an LPS without exceeding the statutory maximum for any one offense. If the sentence for each offense at sentencing must meet the LPS and those sentences can be run consecutively, then appellant could be sentenced to 82.3 years, or 2.3 years in excess of the collective statutory maximum. I do not think the statute authorizes this result.
I would conclude that, in cases of multiple offenses for sentencing, only where consecutive sentences may be barred by double jeopardy or other statutory reasons should the court exceed the statutory maximum for any one offense, where the LPS may be achieved through consecutive sentencing. I recognize, however, that my interpretation is at odds with Butler to the extent that Butler seems to require that at least the primary offense must receive a sentence not less than the LPS where it exceeds the statutory maximum for that offense. Butler does not require, however, that all of the additional offenses must also receive sentences above their statutory maximum.
Nevertheless, the supreme court has not directly addressed how to sentence multiple offenses in relation to an LPS which exceeds the statutory maximum for multiple sentences included in one scoresheet. Butler does not provide guidance in this situation. Because this may occur frequently, I would hope that in a proper case the supreme court would provide guidance to the trial courts for sentencing in these situations.

On Motion for Certification

PER CURIAM.
We deny appellant’s motion for certification.
LEVINE and CONNER, JJ., concur.
WARNER, J., dissents with opinion.

. Appellant contends that the sentencing judge rejected consecutive sentencing because the offenses were committed in a single criminal episode. However, that would not preclude consecutive sentencing. See § 775.021(4)(a), Fla. Stat. (1999) (requiring separate sentence for each offense committed in single criminal episode, and providing "the sentencing judge may order the sentences to be served concurrently or consecutively”); § 921.16(1), Fla. Stat. (1999) (court may direct that two or more of the sentences for offenses charged in the same information be served consecutively); § 921.0024(2), Fla. Stat. (1999) (providing, when imposing CPC sentences, that "[t]he sentencing court may impose such sentences concurrently or consecutively”); Almendares v. State, 916 So.2d *1058 29, 30 (Fla. 4th DCA 2005) (explaining that the exception, precluding the imposition of consecutive sentences under various enhancement statutes for offenses occurring in a single criminal episode, does not apply if the defendant was not sentenced pursuant to a sentencing enhancing statute).