WARNER, J.,
dissenting with opinion.
The appellant has moved to certify questions to the supreme court as questions of great public importance. I think the majority wrongly applies the “no manifest injustice” exception in State v. McBride, 848 So.2d 287, 291-92 (Fla.2003), to this case, where all the sentences are illegal. It also conflicts with Cooper v. State, 960 So.2d 849, 851 (Fla. 1st DCA 2007) (holding the fact that a court could have imposed consecutive sentences to impose the same overall sentence does not cure an illegal sentence, which requires resentenc-ing). Therefore I would certify the following question:
WHERE THE DEFENDANT IS SERVING NO LEGAL SENTENCE, CAN A COURT DENY CORRECTION OF AN ILLEGAL SENTENCE ON THE GROUNDS THAT NO MANIFEST INJUSTICE OCCURS, BE *1062 CAUSE THE COURT ON RESENTENCING COULD STRUCTURE A LEGAL SENTENCE OF THE SAME LENGTH?
Despite the refusal to certify a question, I would argue that the majority opinion actually conflicts with McBride. In McBride, the court reviewed the sentence to determine whether a manifest injustice has occurred “that.can be determined from, the face of the record.” 848 So.2d at 292 (emphasis supplied). In McBride, there was no manifest injustice because the defendant was serving another legal sentence, a fact that appeared on the face of the record. Here, the record only shows that the appellant is serving illegal sentences. Therefore, on the record, there is a manifest injustice.
The reason why the courts must correct illegal sentences at any time is best put by Justice Pariente in her concurrence in McBride:
As we noted in Maddox [v. State, 760 So.2d 89 (Fla.2000)], “[t]he extraordinary provision made for remedying illegal sentences evidences the utmost importance of correcting such errors, even at the expense of legal principles that might preclude relief from trial court errors of less consequence.” 760 So.2d at 101. We recognized that “clearly the class of errors that constitute an ‘illegal’ sentence that can be raised for the first time in a postconviction motion decades after a sentence becomes final is a narrower class of errors than those termed ‘fundamental’ errors that can be raised on direct appeal even though unpre-served.” Id. at 100 n. 8. We observed in Maddox that the State recognizes that it “has no interest in any defendant serving a sentence that is longer than the sentence authorized by law.” Id. at 99. Indeed, the entire justice system certainly has an interest in ensuring that the defendant is not incarcerated longer than is authorized by law, or under illegal terms. The courts have an obligation to correct any such error whenever it is brought to their attention.
Id. at 293-94 (emphasis supplied). Appellant’s sentences should have been corrected, and we should certify this issue to the supreme court.
*1063 Editor’s Note: The opinion of the Court of Appeal of Florida, Second District, in Exantus v. State, published in the advance sheet at this citation, 157 So.3d 1062, was withdrawn from the bound volume because the opinion was not for publication. For republished opinion, see 2014 WL 8764326.