DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CEDRIC DENNARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3610

[January 21, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2000CF3809AXXXMB.

Cedric Dennard, Clermont, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

### ON MOTION FOR CERTIFICATION

PER CURIAM.

We deny appellant's motion for certification.

LEVINE and CONNER, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting with opinion.

The appellant has moved to certify questions to the supreme court as questions of great public importance. I think the majority wrongly applies the "no manifest injustice" exception in *State v. McBride*, 848 So. 2d 287, 291-92 (Fla. 2003), to this case, where all the sentences are illegal. It also conflicts with *Cooper v. State*, 960 So. 2d 849, 851 (Fla. 1st DCA 2007) (holding the fact that a court *could* have imposed consecutive sentences to impose the same overall sentence does not cure an illegal sentence, which requires resentencing). Therefore I would certify the following question:

WHERE THE DEFENDANT IS SERVING NO LEGAL SENTENCE, CAN A COURT DENY CORRECTION OF AN ILLEGAL SENTENCE ON THE GROUNDS THAT NO MANIFEST INJUSTICE OCCURS, BECAUSE THE COURT ON RESENTENCING COULD STRUCTURE A LEGAL SENTENCE OF THE SAME LENGTH?

Despite the refusal to certify a question, I would argue that the majority opinion actually conflicts with *McBride*. In *McBride*, the court reviewed the sentence to determine whether a manifest injustice has occurred "*that can be determined from the face of the record.*" 848 So. 2d at 292 (emphasis supplied). In *McBride*, there was no manifest injustice because the defendant was serving another legal sentence, a fact that appeared on the face of the record. Here, the record only shows that the appellant is serving illegal sentences. Therefore, on the record, there *is* a manifest injustice.

The reason why the courts must correct illegal sentences at any time is best put by Justice Pariente in her concurrence in *McBride*:

> As we noted in *Maddox* [*v. State*, 760 So. 2d 89 (Fla. 2000)], "[t]he extraordinary provision made for remedying illegal sentences evidences the utmost importance of correcting such errors, even at the expense of legal principles that might preclude relief from trial court errors of less consequence." 760 So. 2d at 101. We recognized that "clearly the class of errors that constitute an 'illegal' sentence that can be raised for the first time in a postconviction motion decades after a sentence becomes final is a narrower class of errors than those termed 'fundamental' errors that can be raised on direct appeal even though unpreserved." *Id.* at 100 n. 8. We observed in *Maddox* that the State recognizes that it "has no interest in any defendant serving a sentence that is longer than the sentence authorized by law." *Id.* at 99. Indeed, the entire justice system certainly has an interest in ensuring that the defendant is not incarcerated longer than is authorized by law, *or under illegal terms. The courts have an obligation to correct any such error whenever it is brought to their attention.*

*Id.* at 293-94 (emphasis supplied). Appellant's sentences should have been corrected, and we should certify this issue to the supreme court.

\*      \*      \*

2