# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1179
LT Case No. 2022-305804-CFDB

_____

ARTHUR PRESTON HARRIS, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Richard B. Orfinger, Senior Judge.

Matthew J. Metz, Public Defender, and Judson Searcy, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison
Leigh Morris, Assistant Attorney General, Daytona Beach, for
Appellee.

November 21, 2025

PER CURIAM.

    Arthur Preston Harris, III, was convicted after trial of
numerous and mostly drug-related criminal offenses. The trial
court sentenced Harris to serve varying concurrent terms of
imprisonment, but to be served consecutively to a thirty-five year
prison sentence previously imposed on Harris in a separate case.

Harris's sole challenge in this direct appeal is to the fifteen-year prison sentences imposed on him for his conviction in count three for attempted sale of fentanyl and his conviction in count four for attempted sale of cocaine. Each are third-degree felonies under sections 893.13(1)(a)1. and 777.04(4)(d)1., Florida Statutes (2022), punishable by up to five years in prison. *See* § 775.082(3)(e), Fla. Stat. Harris argues that his current prison sentences on these two counts are thus fundamentally erroneous. We agree, albeit for a different reason.[1]

Harris's Criminal Punishment Code Scoresheet at the time of sentencing showed a lowest permissible prison sentence of 154.950 months. When the lowest permissible prison sentence under the Criminal Punishment Code exceeds the statutory cap for the individual offense, the lowest permissible prison sentence must be imposed. *See State v. Gabriel*, 314 So. 3d 1243, 1252 (Fla. 2021). Moreover, when "the statutory maximum sentence as provided in section 775.082, Florida Statutes, is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose." *Butler v. State*, 838 So. 2d 554, 556 (Fla. 2003).

Accordingly, under these circumstances, Harris's fifteen-year prison sentences on counts three and four exceed that permitted by law. We vacate Harris's sentences on these two counts and remand with directions that Harris be resentenced on counts three and four consistent with this opinion. The amended judgment and sentences on counts three and four shall also include the statutory citation to section 777.04(4)(d), Florida Statutes.

Sentences on counts three and four VACATED; REMANDED for resentencing consistent with this opinion.

MAKAR, LAMBERT, and MACIVER, JJ., concur.

---

[1] The State has conceded error.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____