PER CURIAM.
Lorenzo William Siler appeals the trial court’s denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion. He argues that the trial court was under a mistaken belief of law when it imposed his sentence. We agree.
In 2011, Siler pleaded no contest to four counts of burglary of a dwelling and was sentenced as a youthful offender to two years’ imprisonment followed by four years’ probation. After his release from prison in 2013, an affidavit of violation of probation was filed against Siler. He admitted to the technical violations. At the sentencing hearing, defense counsel requested reinstatement of Siler’s probation, and the State did not object to this request. The trial court expressed its belief that it could either reinstate Siler’s probation or sentence him to six years’ imprisonment. Ultimately, the trial court revoked Siler’s probation and sentenced him to six years’ imprisonment. Based on the trial court’s comments at the sentencing hearing, Siler filed a motion to correct sentencing error, arguing that the court improper *1127 ly believed that it had no choice but to sentence him to six years’ imprisonment if it revoked his probation. The trial court denied the motion; this appeals follows.
A motion to correct sentencing error is reviewed de novo. State v. Flynn, 95 So.3d 436, 437 (Fla. 4th DCA 2012). Our review of the court’s statements at the sentencing hearing reveals that the court did not appear to be aware of all of its sentencing options. When a trial court revokes probation that has been imposed pursuant to the youthful offender statute, the defendant may be sentenced to any sentence that could have originally been imposed pursuant to the statute. Hudson v. State, 989 So.2d 725, 726 (Fla. 1st DCA 2008). This includes any combined sentence of probation and imprisonment, as long as it does not exceed six years, or any sentence of imprisonment not exceeding six years. § 958.04(2), Fla. Stat. (2010).
Because the trial court did not consider all of the sentencing options, we remand for resentencing. We recognize that the trial court may impose the same sentence on remand; however, the court needs to exercise its discretion and consider all of the youthful offender sentencing options before imposing sentence. Goldwire v. State, 73 So.3d 844, 846-47 (Fla. 4th DCA 2011).
REVERSED and REMANDED.
ROWE, MARSTILLER, and RAY, JJ., concur.