PER CURIAM.
Appellant, Kelly E. Stewart, appeals the denial of his Florida Rule of Criminal Pro *1260 cedure 3.800(b)(2) motion, arguing that the trial court imposed a sentence on one count in excess of the maximum authorized by law, and that the court mistakenly believed it had no discretion to impose a youthful offender sentence in this case. The State properly concedes error on both points.
Stewart entered a nolo contendere plea to charges of principal to robbery with a deadly weapon, a first-degree felony; principal to burglary of a structure with assault, a first-degree felony; and principal to aggravated assault by threat, a third-degree felony. At the plea colloquy, the parties agreed to a twenty-year cap on the total term of imprisonment and discussed the possibility of a youthful offender sentence. At sentencing, however, the parties and the court proceeded undér the belief that, due to the nature of the offenses, Stewart did not qualify for a youthful offender sentence. The court imposed concurrent terms of .twelve years’ imprisonment on each count.
First, the twelve-year' sentence imposed for the charge of principal to aggravated assault by threat was in excess of the maximum five-year term permitted by law. See §§ 775.082(3)(e); 777.011; 784.021, Fla. Stat. (2015). Because “a criminal defendant cannot, by virtue of a plea bargain, confer upon a court the authority to impose an illegal sentence,” Brown v. State, 609 So.2d 730, 732 (Fla. 1st DCA 1992), the trial court erred in denying Stewart’s motion raising the issue.
Second, because Stewart’s convictions were for two first-degree felonies and one third-degree felony, rather than for any life felony or capital felony, the court incorrectly concluded .that it had no discretion to impose a youthful offender sentence based on the nature of the charges in this case.* See § 958.04, Fla. Stat. (2014) (precluding youthful offender classification where a defendant has been found guilty of a capital or life felony); Williams v. State, 405 So.2d 436, 437 (Fla. 1st DCA 1981) (distinguishing between first-degree felonies punishable by “a term of years not exceeding life” and life felonies, punishable by “a term of imprisonment for life or for a term of years not less than 30.”). A trial court’s misapprehension of its sentencing authority is reversible error. See, e.g., Siler v. State, 135 So.3d 1126, 1127 (Fla. 1st DCA 2014) (holding that trial court erred in denying a rule 3.800(b)(2) motion where it mistakenly believed it ■ had no authority to impose youthful offender sentence); Bennett v. State, 24 So.3d 693, 694 (Fla. 1st DCA 2009) (reversing and remanding where “the record showed that the trial court incorrectly believed it lacked discretion to impose a youthful offender sentence”).
We, therefore, accept the State’s concession of error and reverse and remand for resentencing, including imposition of a lawful sentence on the conviction for principal to aggravated assault by threat, and reconsideration of whether to impose a youthful offender sentence. We note that the trial court is not required to classify Stewart as a youthful offender; rather, we remand to allow the court to consider' all sentencing options and exercise its discretion accordingly. See Siler, 135 So.3d at 1127.
REVERSED and REMANDED.
ROBERTS, C.J., ROWE, and MAKAR, JJ., concur.

 There is no dispute that Stewart otherwise met the youthful offender classification requirements.