# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1629
_____

TERRY D. ELLISON, JR.,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.

April 29, 2019


PER CURIAM.

    In the instant petition alleging ineffective assistance of appellate counsel, Terry Ellison, Jr. claims his appellate counsel failed to file a rule 3.800(b)(2) motion to preserve a sentencing error—that his scoresheet improperly included an "adult-on-minor sex offense" multiplier. He argues that the inclusion of this multiplier effectively doubled the sentencing points. We determine that this claim may be raised in the instant petition, *see, e.g., Marshall v. State*, 241 So. 3d 969 (Fla. 1st DCA 2018), and grant the petition.

    Petitioner correctly contends that his scoresheet was incorrect. The "adult-on-minor sex offense" multiplier in section 921.0024(1)(b), Florida Statutes, applies only to certain offenses listed in the statute. Petitioner's offense, unlawful sexual activity

under section 794.05, Florida Statutes, is not a listed offense. Therefore, the multiplier did not apply to Petitioner as a matter of law, and appellate counsel was ineffective in failing to move to correct the sentence.

This scoresheet error was not harmless. The record does not show that the trial court "would-have-imposed" the same sentence using a correct scoresheet. *See Sanders v. State*, 35 So. 3d 864, 870-71 (Fla. 2010); *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008). Petitioner was sentenced to 153 months in prison, which was the lowest permissible sentence under the incorrect scoresheet. Although this sentence falls within the permissible range under a corrected scoresheet, the trial court made no statement that it would have otherwise imposed the same sentence absent the scoresheet error.

Accordingly, we vacate Petitioner's sentence and remand for a new sentencing proceeding using a corrected scoresheet. *See Anderson v. State*, 988 So. 2d 144, 146 (Fla. 1st DCA 2008) ("[W]here a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would have been entitled had the issue been raised in the original appeal.").

PETITION GRANTED.

WETHERELL, BILBREY, and M.K. THOMAS, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Robert David Malove of the Law Office of Robert David Malove, P.A., Fort Lauderdale, for Petitioner.

Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Respondent.