# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3466

_____

ALBERT JAMES HAYES, II,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

May 13, 2019

B.L. THOMAS, C.J.

Appellant was sentenced to more than 90 years in prison. He argues that the trial court erred by declining to apply a downward-departure sentence. He also argues that the court erred in applying the adult-on-minor sex offense multiplier, which effectively doubled his lowest permissible sentence.

*Facts*

Following a jury trial, Appellant was found guilty of six counts of lewd or lascivious battery on a person older than age 12 but younger than age 16, with special findings of penetration as to each count. *See* § 800.04(4)(a), Fla. Stat. (2015). At the sentencing hearing, defense counsel asked for a downward-departure sentence, asserting that the acts were entirely consensual, that

Appellant believed the victim was 17 years old, and that Appellant had little to no criminal record.

The State argued that there was no legal basis for a downward departure, as consent would not be a defense even if the victim was 17 years old. The State produced a sentencing scoresheet that applied a 2.0 multiplier for adult-on-minor sex offenses. *See* § 921.0024(1)(b), Fla. Stat. (2015). Without the multiplier, Appellant's sentencing points resulted in a 44.45-year lowest permissible sentence.[1] With the multiplier, the subtotal sentencing points doubled. The trial court declined to depart from the lowest permissible sentence, applied the multiplier, and sentenced Appellant to an aggregate sentence of 90.59 years in prison. Appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), which the trial court denied.

*Analysis*

If a defendant asserts a valid basis for a downward departure and presents evidence to support that assertion, the trial court must then decide "whether it *should* depart, i.e., whether departure is indeed the best sentencing option for the defendant." *Banks v. State*, 732 So. 2d 1065, 1068 (Fla. 1999) (emphasis in original). "This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion." *Id.* When considering whether to apply a downward departure sentence, a trial court may consider introduced evidence that directly relates to the proposed basis for the downward departure. *Barlow v. State*, 238 So. 3d 416, 417 (Fla. 1st DCA 2018) (finding no error in the trial court considering uncharged conduct that rebutted the defendant's assertion that he was at low risk to reoffend).

Here, after considering defense counsel's argument that the acts were consensual, the trial court declared, "I'm not convinced

---

[1] Absent the multiplier, with 739.2 subtotal sentence points, Appellant's lowest permissible sentence would be calculated as $(739.2 - 28) \times 0.75 = 533.4$ months, or 44.45 years. *See* Fla. R. Crim. P. 3.990.

from the testimony that I've heard that . . . the victim was a willing participant." The 15-year-old victim did admit at trial to a generally consensual relationship with Appellant, but competent evidence was presented that the victim was not an entirely willing participant to the initial sex acts. She testified that she felt uncomfortable with the sexual activity and "wanted out." The trial court had the authority to rely on this evidence to reject Appellant's argument for a downward departure sentence.

Appellant's scoresheet included 74 points for the primary offense (one of the lewd and lascivious batteries), plus 185 points for the secondary offenses (the other five lewd and lascivious batteries, at 37 points each). The scoresheet then added 480 victim injury points (six sexual penetrations at 80 points each), plus 0.2 points for Appellant's prior record. This resulted in 739.2 "subtotal sentence points." *See* Fla. R. Crim. P. 3.990. The 2.0 adult-on-minor sex offense multiplier was then applied, doubling the 739.2 subtotal sentence points to 1,478.4 total sentence points, resulting in a lowest permissible sentence of more than 90 years.

Appellant argues that the limiting clause in the multiplier statute prohibited the use of the multiplier in this case. He also argues that the multiplier was not intended to enhance multiple offenses, and that the legislature only contemplated less serious crimes when creating the multiplier provision.

As an initial matter, the State makes an invited error argument, claiming that Appellant waived his challenges to the 2.0 multiplier. We hold that Appellant did not waive this issue for appellate review. Unlike in *Bolen v. State*, 943 So. 2d 855, 856 (Fla. 1st DCA 2006), where defense counsel affirmatively represented that the defendant had no objection to the facts underlying a sentencing enhancement, Appellant's counsel did not agree that a 90.59-year sentence was proper, or that the adult-on-minor sex offense multiplier should apply; counsel strongly argued against the sentence and multiplier. Defense counsel merely corrected the trial court's misstatement that the total under the scoresheet reflected a maximum sentence, when it actually represented the lowest permissible sentence.

We reject Appellant's argument that the legislature intended for the multiplier to apply only to less serious crimes. Appellant

3

looks to the staff analysis for support, but the language of the statute itself clearly states that the multiplier applies to sexual batteries and other felony offenses. § 921.0024(1)(b), Fla. Stat. (2015). If the multiplier only intended to enhance lesser crimes, the legislature would not have written the statute to include far more serious crimes.

However, the multiplier provision contains a limiting clause, stating: "If applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence." § 921.0024(1)(b), Fla. Stat. (2015). Appellant argues that because his 90-year sentence with the multiplier applied exceeds the 15-year statutory maximum for his primary offense of lewd and lascivious battery, the trial court was not permitted to apply the multiplier and was instead required to sentence Appellant to a total of 15 years in prison, despite the recommended range of 44 to 90 years.

We interpret the limiting clause to provide that when the total result on the scoresheet, with the multiplier applied, exceeds the statutory maximum sentence for the primary offense, the sentencing court must not apply the multiplier and must impose the maximum sentence *for the defendant's primary offense*, here Count One. The court must then look to the subtotal sentencing points with all secondary offenses included, but *without* the multiplier, to determine the lowest permissible aggregate sentence.[2]

---

[2] We reject the State's argument that the "results in" language in the multiplier limitation means "directly *caused* by applying the multiplier." This interpretation would require courts to parse through scoresheet equations for the moment in the order of operations where some factor such as victim-injury points causes sentencing points to exceed the statutory threshold. Instead, we read the "results in" language to mean that after applying the multiplier, the court must look at the resulting lowest permissible sentence and see if that *result* exceeds the statutory maximum.

4

Here, because the total resulting sentence with the multiplier applied exceeded the statutory maximum sentence for Appellant's primary offense, the multiplier could not be applied, and the statutory maximum had to be imposed on the primary offense. *See* § 921.0024(1)(b), Fla. Stat. (2015). Thus, with 739.2 subtotal sentence points (without the inapplicable multiplier), Appellant should have been sentenced to a total aggregate sentence of at least 44.45 years in prison – the lowest permissible sentence without the 2.0 multiplier – on Counts One through Six, inclusive, and to 15 years in prison on his primary offense, Count One.[3]

Because the adult-on-minor sex offense multiplier should not have been applied here, we reverse and remand with instructions for the trial court to impose the maximum sentence of fifteen years in prison on Count One, and to impose a total aggregate sentence of no less than 44.45 years in prison, absent a downward-departure sentence. *See Jackson v. State*, 64 So. 3d 90, 93 (Fla. 2011) ("nothing within the CPC precludes the imposition of a downward departure sentence on resentencing following remand.").

AFFIRMED in part, REVERSED in part, and REMANDED with further instructions.

WETHERELL and WINSOR, JJ., concur.

––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––

Andy Thomas, Public Defender, Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

---

[3] The trial court must impose a separate sentence on each count. *See Gibson v. Fla. Dep't of Corr.*, 828 So. 2d 422, 428 (Fla. 1st DCA 2002) ("A general sentence for multiple offenses is improper.").

Ashley Moody, Attorney General, Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.