DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KELLY PETERSON MILLIEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1940

[March 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk Volker, Judge; L.T. Case No. 50-2018-CF-005945-AXXX-MB.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, C.J.

Kelly Peterson Millien appeals the judgments and sentences imposed after a jury found him guilty of two counts of lewd or lascivious battery on a person 12 years of age or older but less than 16 years of age. Millien raises eight issues on appeal. We affirm as to seven of the issues without discussion. We affirm on the remaining issue as well but explain our reasoning. The issue we discuss is Millien's argument that the trial court illegally sentenced him to a term exceeding the statutory maximum for second degree felonies because the trial court did not properly apply the adult-on-minor sentencing multiplier provision in calculating the lowest permissible sentence. We disagree with Millien's interpretation of the adult-on-minor sentencing multiplier provision and affirm.

*Background*

To explain our analysis for affirming the trial court on the sentencing issue which we discuss, crime and evidence background is not necessary.

At sentencing, Millien's scoresheet reflected the lowest permissible sentence was 182.25 months in prison. After acknowledging the lowest permissible sentence, the trial court stated that the permissible range of sentences for Millien was "the lowest permissible prison sentence, 182.25 months, up to thirty years." Millien agreed. The State recommended ten years on each count to be served consecutively. Millien moved for downward departure but did not request a specific sentence. The trial court stated that because the lowest permissible sentence exceeded the statutory maximum for each count of lewd or lascivious battery, absent a downward departure, it was required to sentence Millien to the lowest permissible sentence, 182.25 months in prison, for each count. The trial court denied Millien's motion for downward departure and sentenced him to 182.25 months in prison on each count to run concurrently. The statutory adult-on-minor sentencing multiplier was not discussed at any point. After sentencing, Millien gave notice of appeal.

During this appeal's pendency, Millien filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors, raising the application of the adult-on-minor multiplier provision contained in section 921.0024(1)(b), Florida Statutes (2015) ("the adult-on-minor multiplier"). The motion is deemed denied because the trial court failed to rule within sixty days. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

*Appellate Analysis*

Millien contends the trial court erred in sentencing him to 185.25 months in prison on each count of lewd or lascivious battery on a child and denying his motion to correct sentencing errors. Because his arguments focus on statutory interpretation and denial of his 3.800(b)(2) motion, our review is de novo. *See Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021); *Henry v. State*, 229 So. 3d 390, 393-94 (Fla. 4th DCA 2017).

As mentioned, there was no discussion concerning the adult-on-minor multiplier at sentencing. Although Millien argues that the trial court should have applied the multiplier, he does not argue why the trial court was required to apply it. However, we agree that once Millien met the threshold qualifications for the adult-on-minor multiplier, the trial court was required to consider it at sentencing.

In discussing a different multiplier, we have stated that when a defendant qualifies for a multiplier, "application of th[e] sentencing multiplier is not discretionary." *State v. Stafford*, 711 So. 2d 612, 612 (Fla. 4th DCA 1998). However, we note that the drug trafficking multiplier, also

listed in both section 921.0024(b) and Florida Rule of Criminal Procedure 3.704(19), has a clause providing that it may be applied "at the discretion" of the court. § 921.0024(b), Fla. Stat.; Fla. R. Crim. P. 3.704(19). "[T]he Legislature's use of different terms in different parts of the same statute is 'strong evidence that different meanings were intended.'" *D.M.H. v. Pietilla*, 33 So. 3d 800, 801 (Fla. 5th DCA 2010) (quoting *Maddox v. State*, 923 So. 2d 442, 446 (Fla. 2006)). Therefore, the fact that the legislature included discretionary terms in the drug trafficking multiplier within section 921.0024(1)(b), but specifically left the discretionary term out of the adult-on-minor multiplier, supports the conclusion that consideration of the adult-on-minor multiplier is mandatory, not discretionary.

Although the trial court erred in not considering the adult-on-minor multiplier at sentencing, for the reasons discussed below, we affirm. We focus our analysis first on the sentence imposed for count 1 (lewd or lascivious battery on a child), which was the primary offense on Millien's scoresheet, and then shift our analysis to count 2 (lewd or lascivious battery on a child), identified as the additional offense on the scoresheet.

Section 921.0024(1)(b) provides the Criminal Punishment Code scoresheet's "Worksheet Key" to be used to compute the subtotal and total sentence points for sentencing. § 921.0024(1)(b), Fla. Stat. (2015). The Worksheet Key includes instructions for sentencing multipliers used to compute the subtotal and total sentencing points. *Id.* Regarding adult-on-minor sex offenses, subsection (1)(b) provides:

> Adult-on-minor sex offense: If the offender was 18 years of age or older and the victim was younger than 18 years of age at the time the offender committed the primary offense, and if the primary offense was an offense committed on or after October 1, 2014, and is a violation of s. 787.01(2) or s. 787.02(2), if the violation involved a victim who was a minor and, in the course of committing that violation, the defendant committed a sexual battery under chapter 794 or a lewd act under s. 800.04 or s. 847.0135(5) against the minor; s. 787.01(3)(a) 2. or 3.; s. 787.02(3)(a) 2. or 3.; s. 794.011, excluding s. 794.011(10); s. 800.04; or s. 847.0135(5), the subtotal sentence points are multiplied by 2.0. If applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence.

*Id.* As can be seen, the adult-on-minor multiplier has two components: (1) qualifying language establishing the threshold for its application; and (2) language limiting its application once the threshold is met. The parties disagree as to both portions on appeal.

First, the State argues that the adult-on-minor multiplier was not applicable to Millien's sentencing because the multiplier applies only when there has been a violation of either section 787.01(2) *or* section 787.02(2), Florida Statutes, *and* a violation of one of the various sexual offenses listed. Based on the statute's plain meaning, we disagree. *See Lopez v. Hall*, 233 So. 3d 451, 453 (Fla. 2018) ("We first examine the statute's plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous."). The statute's use of the semi-colons and the final "or" indicates that each portion between the semi-colons is a separate category. *See Igwe v. City of Miami*, 208 So. 3d 150, 154-55 (Fla. 3d DCA 2016) ("Each category is independent, as the list is separated by the use of semicolons and by the word 'or,' which 'as used in a statute, is a disjunctive article indicating an alternative.'" (quoting *TEDC/Shell City, Inc. v. Robbins*, 690 So. 2d 1323, 1325 (Fla. 3d DCA 1997))).

This conclusion is further supported by Florida Rule of Criminal Procedure 3.704. Rule 3.704 gives the procedures for implementing Florida's Criminal Punishment Code. The rule's subsection (d)(24) contains the provision regarding the adult-on-minor multiplier. As opposed to one long sentence, the qualifying language is set forth in list format, listing each of the qualifying offenses separately.[1] Fla. R. Crim. P.

---

[1] (24) (A) Adult on minor sex offense. The subtotal sentence points are multiplied by 2.0 if:

(i) the offender was 18 years of age or older and the victim was younger than 18 years of age at the time the offender committed the primary offense; and

(ii) the primary offense was committed on or after October 1, 2014, and is a violation of:

a. section 787.01(2) (kidnapping) or 787.02(2) (false imprisonment), Florida Statutes, if in the course of committing the kidnapping or false imprisonment the defendant committed a sexual battery under chapter 794, Florida Statutes, or a lewd act under section 800.04 or 847.0135(5), Florida Statutes, against the victim;

b. section 787.01(3)(a)2. or (3)(a)3., Florida Statutes, (kidnapping of a child under 13 with a sexual battery or lewd act);

3.704(d)(24)(A).  As a separate qualifying offense, the rule lists "a violation of . . . section 800.04, Florida Statutes, (lewd or lascivious offenses)," making it clear that Millien's offenses qualify for the adult-on-minor multiplier.  Fla. R. Crim. P. 3.704(d)(24)(A)(ii)e.

Having determined that Millien's offenses met the threshold qualifications for the adult-on-minor multiplier, the next question is the effect of section 921.0024(1)(b)'s limiting language of the multiplier.  The limiting language states:

> If applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence.

§ 921.0024(1)(b), Fla. Stat. (2015).  As an initial matter, we note that a plain reading of the adult-on-minor multiplier reveals that the qualifying and limiting language refers to the primary offense.  Next, Millien's lowest permissible sentence ("LPS"), without application of the multiplier, is 182.5 months in prison.  Applying the multiplier, Millien's LPS would be 385.5 months[2] in prison.  The maximum sentence under section 775.082 for Millien's primary offense, lewd or lascivious battery on a child, is fifteen years in prison (180 months).  § 800.04(4)(b), Fla. Stat. (2015); § 775.082(3)(d), Fla. Stat. (2015).  Therefore, applying the multiplier results in Millien's LPS exceeding the statutory maximum sentence for his primary offense under chapter 775.  What the adult-on-minor multiplier requires once this determination is made is the main point of contention.

---

> c. section 787.02(3)(a)2. or (3)(a)3., Florida Statutes, (false imprisonment of a child under 13 with a sexual battery or lewd act);
>
> d. section 794.011, Florida Statutes, (sexual battery), excluding section 794.011(10);
>
> e. section 800.04, Florida Statutes, (lewd or lascivious offenses); or
>
> f. section 847.0135(5), Florida Statutes, (lewd or lascivious exhibition using a computer).

Fla. R. Crim. P. 3.704(d)(24)(A).

[2] The record reveals that the subtotal sentence points on Millien's scoresheet is 271 points.  When his subtotal sentence points are multiplied by 2.0, the applicable adult-on-minor enhancement, the total sentence points becomes 542 points, which translates into the lowest permissible sentence of 385.5 months (271 pts x 2 = 542 pts – 28 pts = 514 pts x.75 = 385.5 months).

*Count 1, The Primary Offense*

Millien argues that because his LPS after applying the adult-on-minor multiplier exceeds the statutory maximum sentence for his primary offense under chapter 775, the limiting language of the adult-on-minor multiplier required the trial court to sentence Millien to the statutory maximum for his primary offense under chapter 775, or 180 months in prison. In support of his argument, Millien contends that the phrase "the statutory maximum sentence" means the same thing in both places it occurs in the limiting language. Based on the plain language of the adult-on-minor multiplier, we disagree.

When interpreting a statute, "[w]e first examine the statute's plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous." *Lopez*, 233 So. 3d at 453. We conclude that the adult-on-minor multiplier is not ambiguous. That conclusion, and our determination as to the adult-on-minor multiplier's plain meaning, is guided by another portion of section 921.0024, as well as our supreme court's interpretation of that portion in its recent decision, *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021).

Section 921.0024(2), Florida Statutes (2015), states, in part:

> (2) The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure. . . . When the total sentence points exceeds 44 points, the lowest permissible sentence in prison months shall be calculated by subtracting 28 points from the total sentence points and decreasing the remaining total by 25 percent. The total sentence points shall be calculated only as a means of determining the lowest permissible sentence. The permissible range for sentencing shall be the lowest permissible sentence up to and including *the statutory maximum, as defined in s. 775.082*, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. . . . If the lowest permissible sentence under the code exceeds the *statutory maximum sentence as provided in s. 775.082*, the sentence required by the code must be imposed.

§ 921.0024(2), Fla. Stat. (2015) (emphasis added).

In *Gabriel*, our supreme court interpreted section 921.0024(2). The court determined that the lowest permissible sentence is an individual

6

minimum sentence. 314 So. 3d at 1252. In conducting its analysis, the court noted that when the legislature referenced "the statutory maximum" and the "statutory maximum sentence" in the two italicized portions above within section 921.0024(2), respectively, "both refer to section 775.082." *Id.* at 1248. As to the adult-on-minor multiplier, the first use of the phrase "the statutory maximum sentence" is specifically linked to chapter 775. § 921.0024(2), Fla. Stat. ("If applying the multiplier results in the lowest permissible sentence exceeding *the statutory maximum sentence for the primary offense under chapter 775 . . .* " (emphasis added)). However, in the concluding words of the limiting language, the legislature did not link "the statutory maximum sentence" to chapter 775. *Id.* (". . . the court may not apply the multiplier and must sentence the defendant to *the statutory maximum sentence*" (emphasis added)).

If the adult-on-minor multiplier limiting language referenced chapter 775 in relation to "the statutory maximum sentence" in both instances, the trial court clearly would have been required to sentence Millien to 180 months in prison. However, the fact that the limiting language refers to "the statutory maximum sentence" in reference to chapter 775 in the first iteration of the term, but not in the second iteration, "is significant." *See Gabriel*, 314 So. 3d at 1248 ("When the legislature has used a term, as it has here, in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded." (quoting *Leisure Resorts, Inc. v. Frank J. Rooney, Inc.*, 654 So. 2d 911, 914 (Fla. 1995))). In other words, Millien is asking us to insert words into the statute that are not there. However, "[i]t is not our role to act as the Legislature or to add words to the statute which do not exist." *State v. Estime*, 259 So. 3d 884, 889 (Fla. 4th DCA 2018).

Accordingly, because the limiting language's concluding words do not reference chapter 775 when using the phrase "the statutory maximum sentence," it follows that "the statutory maximum sentence" as used in the limiting language's concluding words is literally the maximum sentence which Millien faced under the Florida Criminal Punishment Code, without application of the adult-on-minor multiplier.

We also find section 921.0024(2)'s language relevant to the interpretation of the adult-on-minor multiplier for a second reason. "It is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole." *Forsythe v. Longboat Key Beach Erosion Control Dist.*, 604 So. 2d 452, 455 (Fla. 1992). "Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." *Id.* As noted above, section 921.0024(2) states: "If the lowest permissible sentence under the

7

code exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the code must be imposed." § 921.0024(2), Fla. Stat. (2015). Millien's interpretation of the adult-on-minor multiplier would nullify section 921.0024(2)'s language requiring that the LPS must be imposed where it exceeds the statutory maximum under section 775.082.[3]

Accordingly, we conclude that the adult-on-minor multiplier's limiting language precluded the trial court from doubling Millien's subtotal sentence points to calculate the LPS, and instead, the trial court was required to sentence Millien on count 1 to the maximum sentence under Florida Criminal Punishment Code for the scoresheet's primary offense without applying the adult-on-minor multiplier. *See* § 921.0024(1)(b), Fla. Stat. (2015); § 921.0024(2), Fla. Stat. (2015); *Gabriel*, 314 So. 3d at 1248-49 ("When read as a whole, if the [LPS] exceeds the statutory maximum penalty in section 775.082, the [LPS] is both the minimum sentence and the maximum penalty for that offense."). Thus, the trial court did not err in imposing the sentence for count 1.

*Count 2, The Additional Offense*

---

[3] We note that in *Butler v. State*, 838 So. 2d 554 (Fla. 2003), the supreme court addressed a concern about a potential statutory conflict between section 921.002(1)(g), Florida Statutes (Supp. 1998) (providing that a trial court may sentence an offender up to *the statutory maximum for any offense*) and section 921.0024(2), Florida Statutes (Supp. 1998) (providing that a trial court must impose the lowest permissible sentence where it exceeds *the statutory maximum sentence*). *Id.* at 555. The supreme court concluded that sections 921.002(1)(g) and 921.0024(2) were not in conflict and could be harmonized. *Id.* at 555-56. The court explained that section 921.002(1)(g) is a general sentencing provision, while section 921.0024(2) is an exception to the general sentencing provisions. *Id.* at 556. Thus, the supreme court held that "when section 921.0024(2) applies so that the statutory maximum sentence as provided in section 775.082, Florida Statutes (2002), is exceeded by the lowest permissible sentence under the code, the lowest permissible sentence under the code becomes the maximum sentence which the trial judge can impose." *Id.*

Similarly, the first clause of the adult-on-minor's limiting language applies the general sentencing provisions under chapter 775, whereas the second clause addresses the possibility that the lowest permissible sentence may be higher than the statutory maximum sentence under chapter 775.

Moving to count 2, we agree with Millien that the sentence imposed for the scoresheet's additional offense (count 2) had to be the same sentence imposed for the primary offense (count 1). That is because the LPS for the primary offense in this case exceeds the maximum sentence for the offense under section 775.082. Again, the statutes' plain language and the *Gabriel* opinion guide the analysis.

Section 921.0021, Florida Statutes (2015), of the Florida Criminal Punishment Code provides the definition of "primary offense" and "additional offense" as used on the scoresheet to calculate the LPS:

> (1) "Additional offense" means any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
>
> . . . .
>
> (4) "Primary offense" means the offense at conviction pending before the court for sentencing for which the total sentence points recommend a sanction that is *as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing. Only one count of one offense before the court for sentencing shall be classified as the primary offense.*

§ 921.0021(1), (4), Fla. Stat. (2015) (emphasis added). Because (1) the primary offense's total sentence points, by definition, must be "as severe as, or more severe than, the sanction recommended for any other offense committed by the offender and pending before the court at sentencing," § 921.0021(4), Fla. Stat. (2015); (2) the Criminal Punishment Code's required sentence must be imposed if the LPS under the code exceeds the statutory maximum sentence as provided in section 775.082, § 921.0024(2), Fla. Stat. (2015); and (3) the LPS is both the minimum and the maximum penalty for the offense if the LPS exceeds the statutory maximum penalty in section 775.082, *Gabriel*, 314 So. 3d at 1248-49, the sentence imposed for count 2 in this case had to be the same as the sentence imposed for count 1. Thus, the sentence imposed by the trial court for count 2 in this case was also the correct sentence.

*Conclusion*

Although the trial court did not consider the adult-on-minor multiplier at sentencing, the trial court imposed the proper sentence for both counts. Thus, we affirm. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) ("[T]he tipsy coachman doctrine[] allows an appellate court to affirm a trial court that reaches the right result, but for the wrong reasons so long as there is any basis which would support the judgment in the record." (citation and internal quotation marks omitted)).

We also note the First District interpreted the adult-on-minor multiplier in *Hayes v. State*, 272 So. 3d 815 (Fla. 1st DCA 2019). There, the defendant was convicted of six counts of lewd or lascivious battery on a person older than age 12 but younger than age 16. *Id.* at 817. Without application of the adult-on-minor multiplier, the defendant's LPS was 44.45 years. *Id.* The trial court applied the multiplier and sentenced the defendant to an aggregate sentence of 90.59 years in prison. *Id.* Hayes argued that the limiting clause in the adult-on-minor multiplier prohibited the use of the multiplier to any of his offenses. *Id.* at 818. He also argued that the multiplier was not intended to enhance multiple offenses. *Id.* The First District interpreted the limiting clause to provide that when the total result on the scoresheet, with the multiplier applied, exceeds the statutory maximum sentence for the primary offense, the sentencing court must not apply the multiplier and must impose the maximum sentence under section 775.082 for the defendant's primary offense. *Id.* As to all six counts of lewd and lascivious battery on a minor, the First District opined that Hayes should have been sentenced to a total aggregate sentence of at least 44.45 years in prison (the lowest permissible sentence without the multiplier), including a sentence of 15 years in prison on the primary offense. *Id.* at 819.

Based on *Gabriel*, we assume that *Hayes*'s interpretation of the adult-on-minor multiplier included in section 921.0024(1)(b) is no longer viable. However, the First District has not receded from *Hayes*, so we certify conflict with *Hayes v. State*, 272 So. 3d 815 (Fla. 1st DCA 2019).

*Affirmed.*

KUNTZ, J., concurs.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

Although I concur with the result of the majority, I disagree with the majority's interpretation of the adult-on-minor multiplier that "the statutory maximum sentence" means something different than "the statutory maximum sentence for the primary offense under chapter 775" in section 921.0024(1)(b), Florida Statutes (2015). That section provides: "If applying the multiplier results in the lowest permissible sentence exceeding *the statutory maximum sentence for the primary offense under chapter 775*, the court may not apply the multiplier and must sentence the defendant to the *statutory maximum sentence.*" *Id.* (emphasis added). The presumption of consistent usage holds that "[a] word or phrase is presumed to bear the same meaning throughout a text[.]" *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012). The two references to "the statutory maximum" require the application of the same meaning.

It seems to me to be a distortion of the common understanding to construe "statutory maximum sentence" as something other than what is set forth in a phrase immediately preceding it in the same sentence. It is similar to abbreviating the "Criminal Punishment Code" to the "Code." For instance, section 921.002(1)(f), Florida Statutes (2015), provides: "Departures below the lowest permissible sentence established by the code must be articulated in writing by the trial court judge and made only when circumstances or factors reasonably justify the mitigation of the sentence." One could not conclude that the "code" identified in that provision is anything other than the "Criminal Punishment Code." Likewise, the "statutory maximum sentence" should not be construed as anything other than the "statutory maximum sentence under chapter 775."

The "statutory maximum sentence" has an established meaning throughout the sentencing statutes, and in section 921.0024, it is clearly something different than the "lowest permissible sentence." That section provides:

> (2) The lowest permissible sentence is the *minimum sentence* that may be imposed by the trial court, absent a valid reason for departure. . . . The permissible range for sentencing shall be the *lowest permissible sentence up to and including the statutory maximum,* as defined in s. 775.082, for the primary offense and any additional offenses before the court for sentencing. The sentencing court may impose such sentences concurrently or consecutively. However, any sentence to state prison must exceed one year. If the *lowest permissible sentence under the code exceeds the statutory maximum*

*sentence* as provided in s. 775.082, the sentence required by the code must be imposed.

Section 921.0024(2), Fla. Stat. (2015) (emphasis added). If the lowest permissible sentence ("LPS") was also a statutory maximum sentence, then the foregoing language in the statute differentiating the two would not be necessary.

I conclude, however, that the trial court did not incorrectly sentence appellant on Count 1, because the adult-on-minor multiplier was not applied, and thus its application did not result in the LPS exceeding the statutory maximum. The LPS was exceeded without application of the multiplier. Since Millien's LPS already exceeded the statutory maximum, pursuant to section 921.0024(2), the trial court was required to sentence him to the LPS.

In this regard, I disagree with *Hayes v. State*, 272 So. 3d 815, 817 n.2 (Fla. 1st DCA 2019*).* The First District interpreted the statutory language "to mean that after applying the multiplier, the court must look at the resulting lowest permissible sentence and see if that *result* exceeds the statutory maximum." The First District did so because it thought that trial courts would have a difficult time parsing through the scoresheet computations to ascertain whether the LPS was exceeded prior to application of the multiplier. *Id.* But a review of the scoresheet computation does not reveal any such difficulty. The scoresheet is calculated with a subtotal of sentencing points prior to the application of any multiplier. It is a simple calculation to determine whether that subtotal would result in a LPS greater than the statutory maximum prior to the application of the multiplier. In this case, the multiplier was not applicable, because sentencing points resulted in an LPS in excess of the statutory maximum without it.

This interpretation harmonizes the LPS with the adult-on-minor multiplier. Where the LPS exceeds the statutory maximum based upon the sentencing points subtotal, the adult-on-minor multiplier is not applied, and the defendant is sentenced in accordance with section 921.0024(2) to the LPS. Where the LPS does not exceed the statutory maximum prior to the application of the multiplier, the multiplier is then applied. If it results in a sentence in excess of the statutory maximum, then the sentence is limited to the statutory maximum. The Criminal Punishment Code is thus consistently interpreted without changing the meaning of "statutory maximum sentence."

Finally, I agree with the majority that based upon *State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021), the additional offense must be sentenced to the LPS.  Thus, as to both counts, the trial court's sentence was correct and must be affirmed.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***