# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2407
_____

LUKE OLIVER DAVIS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Bay County.
Timothy Register, Judge.

June 17, 2026

BILBREY, J.

Appellant challenges his 150-month prison sentence following his no contest plea to one count of lewd and lascivious battery in violation of section 800.04(4), Florida Statutes (2020).  We affirm as explained below.

The victim was thirteen years old and Appellant twenty at the time of the offense.  In exchange for the plea, the State dismissed two other counts of the same charge and dismissed a single count of interfering with the custody of a minor.  The plea agreement provided that sentencing would be at the sole discretion of the court.  After conducting a colloquy, the sentencing court accepted the plea and set a sentencing hearing.

Appellant sought a downward departure sentence under section 921.0026, Florida Statutes (2020); that Appellant be sentenced as a youthful offender under section 958.04; and that the adult-on-minor sentencing multiplier in section 921.0024(1)(b) not be imposed. In a sentencing memorandum and exhibits, Appellant provided various bases to support his requests including that his neurocognitive developmental disability meant that he functioned at younger age socially and emotionally.

At the sentencing hearing, the court determined that there was no statutory basis to override the adult-on-minor multiplier in section 921.0024(1)(b). The court then heard testimony including expert testimony about Appellant's disability and that his capacity to appreciate the nature of his criminal conduct was substantially impaired. *See* § 921.026(2)(k), Fla. Stat. After hearing argument from counsel, the sentencing court denied a downward departure sentence or youthful offender sentencing. The court then imposed a 150-month prison sentence, which was the lowest permissible sentence on Appellant's criminal punishment code scoresheet.

Following sentencing, Appellant moved to disqualify the sentencing judge. Because the motion to disqualify did not toll the time to file an appeal, Appellant thereafter filed his notice of appeal. Appellant then filed a motion to have a new judge assigned to his case because the sentencing judge did not rule on the motion to disqualify within 30 days. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(*l*).

After the successor judge was assigned, Appellant moved for reconsideration on certain rulings by the sentencing judge. The successor judge determined that he had no jurisdiction to consider the motion because of the notice of appeal.

Appellant then filed a motion to correct sentencing error under rule 3.800(b), Florida Rules of Criminal Procedure, claiming the sentencing judge failed to permit Appellant his right of allocution at sentencing. The successor judge denied the motion finding that it was sufficient for the sentencing court to ask defense counsel "if the defense had anything else it wanted to address."

2

Appellant filed a second rule 3.800(b) motion arguing error by the sentencing court in applying the adult-on-minor scoresheet multiplier. The successor judge denied that motion, and this appeal followed.

Here, Appellant first argues that it was error when the sentencing judge did not announce any reasons for denying the requested downward departure sentence or youthful offender sentence. Questions of law arising from sentencing are subject to de novo review. *Sanders v. State*, 35 So. 3d 864, 868 (Fla. 2010).

Until very recently, whether Appellant's claim is one of sentencing error or an error in the sentencing process would determine whether he is permitted to raise this issue on appeal. *See Emerson v. State*, 412 So. 3d 917, 918–19 (Fla. 1st DCA 2025) (holding that under the previous version of Rule of Appellate Procedure, appeals claiming error in the sentencing process were not permitted after a guilty or no contest plea). Following a rule amendment effective as of June 1, 2026, after a defendant enters a guilty or no contest plea, that defendant may appeal both a "sentencing error, if preserved" and "an error in the sentencing process, if preserved." Fla. R. App. P. 9.140(2)(A)(ii)d.–e.; *In re Admin. to Fla. Rule App. P. 9.140*, 428 So. 3d 85, 87 (Fla. 2026). At sentencing, Appellant did not argue that a sentencing judge must announce reasons for declining to impose a departure or youthful offender sentence. Accordingly, regardless of whether this claim is sentencing error or an error in the sentencing process, those issues were not preserved, so we cannot consider them.

Even if preserved, failing to announce the reasons for declining to impose a departure sentence or youthful offender sentence would not be error. Section 921.002(1)(f), Florida Statues, permits a court to impose a sentence below the guidelines. But section 921.002(3) then states, "Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge." Likewise, rule 3.703(d)(30)(A), Florida Rules of Criminal Procedure, provides, "If a sentencing judge imposes a sentence that departs from the recommended guidelines sentence, the reasons for departure shall be orally articulated at the time sentence is imposed." The youthful offender statute also requires

a written explanation by the sentencing judge when a youthful offender sentence is imposed. § 958.04(3), Fla. Stat.

But no rule or statute requires a sentencing court to set forth its reasons for refusing to impose a departure or youthful offender sentence. Barring some exceptions that do not apply here, a sentencing court is allowed to "impose a sentence up to and including the statutory maximum" with no requirement for providing any explanation for such sentence. § 921.002(1)(g), Fla. Stat.

"Had the trial court refused even to consider a departure because of an erroneous conclusion about its authority to do so, the refusal would have been an infringement of a statutory right, one we then would have the authority to remedy." *Gazoombi v. State*, 406 So. 3d 371, 379 (Fla. 1st DCA 2025) (en banc). The same is true when a sentencing court has a "misapprehension of its sentencing authority" under the youthful offender statute. *Stewart v. State*, 201 So. 3d 1258, 1260 (Fla. 1st DCA 2016). But we will not impose on the circuit courts a requirement in pronouncing sentence beyond what the constitution, statutes, or Rules of Criminal Procedure require.

Appellant next argues that it was error when the sentencing court imposed the adult-on-minor multiplier, doubling the sentence points on his scoresheet. Appellant's second rule 3.800(b) motion preserved this issue for our consideration.[1] This issue we also review de novo. *See State v. Hardley*, 344 So. 3d 638, 640 (Fla. 1st DCA 2022) ("[W]here the issue presented is a pure question of law involving statutory interpretation, the standard of review is de novo.").

Section 921.0024(1)(b), which contains the adult-on-minor multiplier, is not a model of clarity. It provides in part:

> Adult-on-minor sex offense: If the offender was 18 years of age or older and the victim was younger than 18

---

[1] In *Jackson v. State*, 983 So. 2d 562, 572 (Fla. 2008), scoresheet error was held to be sentencing error that could be preserved with a motion under rule 3.800(b).

4

years of age at the time the offender committed the primary offense, *and if the primary offense was an offense committed on or after October 1, 2014, and is a violation of s. 787.01(2) or s. 787.02(2), if the violation involved a victim who was a minor and, in the course of committing that violation*, the defendant committed a sexual battery under chapter 794 or a lewd act under s. 800.04 or s. 847.0135(5) against the minor; s. 787.01(3)(a)2. or 3.; s. 787.02(3)(a)2. or 3.; s. 794.011, excluding s. 794.011(10); s. 800.04; or s. 847.0135(5), the subtotal sentence points are multiplied by 2.0. If applying the multiplier results in the lowest permissible sentence exceeding the statutory maximum sentence for the primary offense under chapter 775, the court may not apply the multiplier and must sentence the defendant to the statutory maximum sentence.

§ 921.0024(1)(b), Fla. Stat. (emphasis added).

Appellant relies on the italicized portion above to argue that the multiplier only applies to cases in which a defendant sexually abused a minor during a kidnapping or false imprisonment. He argues that *Ellison v. State*, 268 So. 3d 1007 (Fla. 1st DCA 2019), entitles him to relief.

In *Ellison*, we held that Ellison's counsel was ineffective for not objecting when the trial court applied the adult-on-minor multiplier to Ellison's conviction under Section 794.05, Florida Statutes.[2] We held that "[t]he 'adult-on-minor sex offense' multiplier in section 921.0024(1)(b), Florida Statutes, applies only to certain offenses listed in the statute" and that "sexual activity under section 794.05, Florida Statutes, is not a listed offense." *Ellison*, 268 So. 3d at 1008. But in *Ellison*, we did not adopt the argument that Appellant makes here that there must be a kidnapping or false imprisonment for the multiplier to apply.

---

[2] Section 794.05 makes it a second degree felony when "[a] person 24 years of age or older . . . engages in sexual activity with a person 16 or 17 years of age."

5

In *Millien v. State*, 336 So. 3d 354, 355 (Fla. 4th DCA 2022), the court rejected the argument Appellant makes here. Like Appellant, Millien was convicted of lewd or lascivious battery on a child as prohibited by section 800.04(4), Florida Statutes. In *Millien*, the argument was that "the adult-on-minor multiplier was not applicable to Millien's sentencing because the multiplier applies only when there has been a violation of either section 787.01(2) or section 787.02(2), Florida Statutes, and a violation of one of the various sexual offenses listed." 336 So. 3d at 357. The *Millien* court disagreed, holding that "[t]he statute's use of the semi-colons and the final 'or' indicates that each portion between the semi-colons is a separate category." *Id.*

The *Millien* court also noted that Florida Rule of Criminal Procedure 3.704(d)(24) lists the offenses that qualify for the adult-on-minor multiplier separately, "making it clear that Millien's offenses qualify for the adult-on-minor multiplier." *Id.* As the *Millien* court noted, rule 3.704(d)(24) presents the crimes mentioned in section 921.0024(1)(b) as a list. The format of this list makes clear that the adult-on-minor applies to every offense mentioned in 921.0024(1)(b), including lewd or lascivious battery in violation of section 800.04. The rule states in part:

> (24)(A) Adult on minor sex offense. The subtotal sentence points are multiplied by 2.0 if:
>
> (i) the offender was 18 years of age or older and the victim was younger than 18 years of age at the time the offender committed the primary offense; and
>
> (ii) the primary offense . . . is a violation of:
>
> . . . .
>
> e. section 800.04, Florida Statutes, (lewd or lascivious offenses) . . .

Fla. R. Crim. P. 3.704(d)(24)(ii)a.–e.

We agree with *Millien* that the adult-on-minor multiplier applies to a violation of section 800.04(4). This holding is consistent with our opinion in *Hayes v. State*, 272 So. 3d 815, 818

6

(Fla. 1st DCA 2019), where we held the adult-on-minor multiplier would have applied to a lewd and lascivious battery conviction but for the fact that application of the multiplier would have exceeded the statutory maximum, contrary to the last sentence of section 921.0024(1)(b).[3]

Turning to Appellant's final two claims of error, the claim that he was denied the right to allocute in mitigation of sentence was not preserved by the first rule 3.800(b) motion. Rule 3.800(b) allows correction of "any sentencing error," but Appellant's claim is a sentencing process error. *See Emerson*, 412 So. 3d at 920. "[U]npreserved sentencing-process errors 'may be considered on appeal only if the error is fundamental.'" *Id.* (quoting *Jackson*, 983 So. 2d at 574). Here, there was no error, much less fundamental error, since Appellant and his attorneys were allowed to provide "submissions and evidence by the parties that are relevant to the sentence." Fla. R. Crim. P. 3.720(b); *see also Jones v. State*, 407 So. 3d 458, 460 (Fla. 4th DCA 2025).

Finally, the successor judge correctly determined that the notice of appeal divested him of jurisdiction to consider Appellant's motion to reconsider his sentence. *See* Fla. R. App. P. 9.600(d); *Hester v. State*, 312 So. 3d 173, 175 (Fla. 1st DCA 2021).

For the reasons above, Appellant's sentence is therefore AFFIRMED.

OSTERHAUS, C.J., and LEWIS, J., concur.

---

[3] *Millien* disagreed with *Hayes* in its application of the "exceeds the statutory maximum sentence" language in section 921.0024(1)(b) when applying the adult-on-minor multiplier in a case where multiple counts were present. *Millien*, 336 So. 3d at 361. This disagreement on the meaning of "statutory maximum" had been resolved after our decision in *Hayes* in *State v. Gabriel*, 314 So. 3d 1243, 1246 (Fla. 2021). However, since only a single count is involved here, this distinction between *Millien* and *Hayes* is immaterial.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


William Mallory Kent of Kent & McFarland, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Robert Charlie Lee, Assistant Attorney General, Tallahassee, for Appellee.